## BLACKWELL *v.* JENNINGS.

COBB, P. J. 1. A petition for habeas corpus was sued out, and the respondent answered that he held the petitioner in custody under an executive warrant issued in an extradition proceeding. On the return day of the writ, a motion to postpone the hearing was made, upon the ground that counsel for the petitioner was not physically able to try the case. It appeared that the counsel was sick at the time he was employed. There were other counsel associated with him, who were present. The judge asked counsel if there was any attack on the requisition papers, which required time for preparation. Counsel replied to this inquiry that "he did not wish to give his case away, but expected to attack the proceeding from the foundation." The judge refused to postpone the hearing. *Held,* that no such abuse of discretion appears as will authorize a reversal of the judgment.

2. When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears. See, in this connection, Penal Code, §§ 1271, 1274; *Barranger* v. *Baum,* 103 *Ga.* 465.

3. "The courts of the asylum State can not, upon a writ of habeas corpus, inquire into the guilt or innocence of the accused." *Barranger* v. *Baum,* supra.

4. No sufficient reason appears for reversing the judgment.

*Judgment affirmed. All the Justices concur.*

Argued April 18,—Decided May 14, 1907.

Habeas corpus.  Before Judge Pendleton.  Fulton superior court.  March 8, 1907.

*W. W. Haden* and *Joseph W. & John D. Humphries,* for plaintiff.

*J. L. Mayson* and *W. P. Hill,* for defendant.