## Dawson *v.* Smith.

ATKINSON, J. 1. "It is the duty of the Governor, under his warrant, to cause to be arrested, and delivered up to the proper officers of any other State of the United States, any fugitive from justice from said State, upon demand made of him by the Executive of such other State in the manner prescribed by the laws and Constitution of the United States." Penal Code, § 1353. By art. 4, sec. 2, par. 2, of the Constitution of the United States (Civil Code, § 6674), it is provided: "A person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime.". An act of Congress, to carry into effect the provisions of the constitution, was approved February 12, 1793, and the substance of such act was embodied in section 5278 of the U. S. Revised Statutes (U. S. Comp. St., § 10126), which section is as follows: "Whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive

authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the State or Territory making such demand shall be paid by such State or Territory."

2. In extradition proceedings under the constitution and laws above set forth, if the Governor of the State upon whom the demand is made issues a warrant for the apprehension and delivery of such a person, the warrant is but prima facie sufficient to hold the accused, and it is open to him, on habeas-corpus proceedings, to show some valid and sufficient reason why the warrant should not be executed; the presumption being that the Governor has complied with the law. Hyatt *v.* People ex rel. Corkran, 188 U. S. 691 (23 Sup. Ct. 456, 47 L. ed. 657); *Blackwell* v. *Jennings*, 128 *Ga.* 264 (57 S. E. 484).

3. "A person, for whose delivery a demand has been made by executive authority of one State upon the executive authority of another State under clause 2 of section 2 of article 4 of the constitution, and who shows conclusively, and upon conceded facts, that he was not within the demanding State at the time stated in the indictment, nor at any time when the acts were, if ever, committed, is not a fugitive from justice within the meaning of Rev. Stat., § 5278, and the Federal statute upon the subject of interstate extradition and rendition." Hyatt *v.* Corkran, supra.

(a) "The exercise of jurisdiction by a State to make an act committed outside its borders a crime against the State is one thing (*Carter* v. *State*, 143 *Ga.* 632), but to assert that the party committing such act comes under the Federal statute, and is to be delivered up as a fugitive from the justice of that State, is quite a different proposition." Hyatt *v.* Corkran, supra.

4. Where a person for whose delivery a demand was made by the executive authority of the State of Virginia upon the executive authority of the State of Georgia, under the provisions of the constitution of the United States and the act of Congress passed in pursuance thereof, was charged in an indictment found in February, 1919, in the State of Virginia, with the commission of a crime in that State, alleged to have been committed "within the last twelve months, and on or about the first day of June in the year 1918," and the uncontradicted evidence upon the trial of a habeas-corpus proceeding sued out by him showed affirmatively that if the crime was committed, it was on or about June 1, 1918, and that he was not in Virginia between March 3, 1918, and December, 1918, on which latter date he was only temporarily in that State, his residence being in Georgia, it was error for the judge to remand the prisoner to the custody of the officer.

*Judgment reversed. All the Justices concur.*

GEORGE, J., concurs specially, because bound by the decision of the Supreme Court of the United States in Hyatt *v.* Corkran, cited by the majority.

No. 1537. AUGUST 17, 1920.

Habeas corpus. Before Judge Humphries. Fulton superior court. May 28, 1919.

*Dorsey, Shelton & Dorsey, Samuel A. Latham, Walter S. Dillon,* and *William J. Davis Jr.,* for plaintiff.

*Bryan & Middlebrooks, Harper & Goodman,* and *John A. Boykin, solicitor-general,* for defendant.