## DAWSON *v.* SMITH.

HILL, J. 1. L. J. Dawson filed a petition in the superior court for a writ of habeas corpus, and the defendant answered that he held the petitioner in custody under and by virtue of a warrant issued by the Governor of this State in an extradition proceeding based upon the application of the Governor of Virginia. On the return of the writ a motion for continuance for at least one week was made by the plaintiff, on the ground that the attorneys for petitioner had not had sufficient time since the issuance of the executive warrant on May 24, 1919, to sufficiently prepare the case for petitioner as to the law involved, or to procure necessary facts which were material. Counsel for petitioner specifically stated that they desired time in which to investigate the criminal laws of the State of Virginia, and to have the benefit of advice from lawyers practicing in Virginia and who were familiar with the laws of that State, in which the indictment returned against the petitioner had been found. The court refused the continuance as requested, but set the case for Wednesday, May, 28, when the hearing was held. *Held,* that no such abuse of discretion is shown as will require a reversal of the judgment for refusing to continue the case. Civil Code, § 5724; *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 484).

2. "When, in the trial of a habeas-corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and law; and this presumption continues until the contrary appears. See, in this connection, Penal Code, §§ 1271, 1274; *Barranger* v. *Baum,* 103 *Ga.* 465. 'The courts of the asylum State can not, upon a writ of habeas corpus, inquire into the guilt or innocence of the accused.' *Barranger* v. *Baum,* supra." *Blackwell* v. *Jennings,* supra.

3. Applying to the facts of this case the principles ruled above, the court did not err in denying the prayers of the petition, and in remanding the plaintiff to the custody of the defendant.

4. This case differs from that of *Derwood Dawson* v. *Smith* (No. 1537, ante), in which it was affirmatively shown by uncontradicted evidence

that the applicant was not within the State of Virginia at the time it was alleged in the indictment that the crime was committed.

*Judgment affirmed. All the Justices concur.*

No. 1538. August 17, 1920.

Description and counsel as in Case No. 1537, just before.