SCHEINFAIN *v.* ALDREDGE, sheriff, *et al.*

No. 13503. JANUARY 16, 1941.

*F. Joe Turner,* for plaintiff.

*C. E. Presley, John A. Boykin, solicitor-general,* and *J. W. Le-Craw,* for defendants.

ATKINSON, Presiding Justice. 1. "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime." U. S. constitution, art. 4, sec. 2, par. 2 (Code, § 1-403). "It is the duty of the Governor, under his warrant, to cause to be arrested and delivered up to the proper officers of any other State of the United States any fugitive from justice from said State, upon demand made of him by the Executive of such other State in the manner prescribed by the laws and constitution of the United States." Code, § 44-302. Cf. Appendix, 82 *Ga.* 809; *Lascelles* v. *State,* 90 *Ga.* 347, 370 (16 S. E. 945, 35 Am. St. R. 216).

2. The petitioner for habeas corpus on a charge of violating a law of Massachusetts was arrested in New Hampshire and brought back to Massachusetts for trial. Before trial he was convicted in the Federal court of Massachusetts, on a charge of violating the Federal law. After such conviction he was tried in the State court of Massachusetts on the charge for which he had been arrested in New Hampshire. After the conviction in the State of Massachusetts he was sent to the Federal penitentiary in Atlanta. The Governor of Massachusetts made requisition upon the Governor of Georgia for the arrest and detention of the petitioner to be returned to the State of Massachusetts to serve the sentence imposed upon him by the State court of Massachusetts. The Governor of Georgia honored the requisition of the Governor of Massachusetts, and issued his warrant for the arrest of the petitioner. At the time of discharge of the petitioner by the officers of the Federal penitentiary in Atlanta, after service of his term, the sheriff arrested the petitioner on the warrant of the Governor of Georgia to be turned over

to the officer from the State of Massachusetts. Under these facts the petitioner, brought into Georgia after his conviction in the State of Massachusetts for the purpose of serving the sentence imposed by the Federal court, and consequently not coming into Georgia from Massachusetts voluntarily, was nevertheless a fugitive from justice. *Kelly* v. *Mangum,* 145 *Ga.* 57 (88 S. E. 556); *Hart* v. *Mangum,* 146 *Ga.* 497 (91 S. E. 543); *Johnson* v. *Lowry,* 183 *Ga.* 207 (188 S. E. 23); *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759); *Beavers* v. *Lowry,* 186 *Ga.* 557 (198 S. E. 692). He was not entitled to discharge from custody by a writ of habeas corpus on the ground that he did not voluntarily come into the State of Georgia as a fugitive.

3. On the return day of the writ of habeas corpus a motion was made by the petitioner to postpone the hearing, on the grounds: (a) "Plaintiff's counsel was physically unable to try said cause." (b) "Because plaintiff wished to attack the legality and sufficiency of any requisition issued by the Executive of the State of Massachusetts and of any supporting documents, and he had been unable to procure the necessary information or documents in the two days to properly prepare his attack." It does not appear that any evidence was offered on the question of a continuance, and the judge refused to postpone the hearing. No such abuse of discretion appears as will authorize a reversal of the judgment. *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 484); *Dawson* v. *Smith,* 150 *Ga.* 350, 352 (103 S. E. 846, 847).

4. It appeared at the trial that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and that the warrant is regular on its face. In these circumstances the burden is upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears. See Code, §§ 44-302, 44-305; *Barranger* v. *Baum,* 103 *Ga.* 465 (5, 6) (30 S. E. 524, 68 Am. St. R. 113); *Blackwell* v. *Jennings,* supra; *Dawson* v. *Smith,* 150 *Ga.* 352 (2), supra. The same principle was recognized in *Dawson* v. *Smith,* 150 *Ga.* 350, supra, but a different result was reached on account of difference in the facts as indicated in division 4 of the opinion.

5. "The question as to whether or not the alleged fugitive from

the justice of another State is charged with a crime is one of law, and is always open upon the face of the papers to judicial inquiry. But if the indictment which forms the basis of the extradition proceedings substantially charges a crime in conformity to the laws of the demanding State, the prisoner should not be released, however defective such indictment might be either at common law, or under the well-known rules of criminal procedure." *Barranger* v. *Baum,* 103 *Ga.* 465 (supra).

(*a*) The fact that it was customary for the Governor of Georgia to grant hearings on extraditions when requested, and that he would have done so in the instant case had he known of plaintiff's desire to contest the extradition, was insufficient to invalidate the extradition warrant of the Governor of Georgia.

(*b*) Designation of the alleged offense in the mittimus as "carnal abuse," and that plaintiff who had been convicted was to be extradited *to serve a fifteen to twenty-year sentence,* whereas the Governor's warrant stated that plaintiff was to be extradited *to stand trial* for the offense of "rape of child," was insufficient to void the extradition warrant on the grounds, as contended, that petitioner was to be extradited under a different charge and for a purpose different from that specified in the supporting documents. Neither does it appear by the record in this case that there was no such offense under the laws of Massachusetts as "carnal abuse." Consequently there is no merit in the contention that the extradition warrant was void on that ground.

6. The court did not err in failing to rule on the motion to compel McElroy as agent of the State of Massachusetts to file an answer.

7. The same transaction may constitute a crime under the laws of the United States and also under the laws of a State. 22 C. J. S. 448, 450, § 296(d) ; *Cooley* v. *State,* 152 *Ga.* 469 (110 S. E. 449). Accordingly, a conviction in a Federal court for violating the white-slave law is no bar to punishment for "carnal abuse" under a State statute, even though both offenses are based on the same transaction.

8. On application of the principles stated above, the judge did not err, under the facts, in refusing to discharge the prisoner on habeas corpus. *Judgment affirmed. All the Justices concur.*