The record disclosing that the plaintiff in error was a fugitive from justice from the State of Pennsylvania, arrested on the warrant of the Governor of this State and held in custody by the sheriff of Fulton County pending the arrival of an agent of the State of Pennsylvania, to whom the fugitive was ordered by the Governor of this State to be delivered by the sheriff, the order being upon a requisition made upon him by the Governor of Pennsylvania, all of which orders were regular on their face, it was not erroneous to refuse to discharge the prisoner under a writ of habeas corpus. Compare Scheinfain
v. Aldredge, 191 Ga. 479 (12 S.E.2d 868).
Judgment affirmed. All the Justicesconcur.
 No. 13590. FEBRUARY 12, 1941. REHEARING DENIED MARCH 19, 1941.
Roy Rex filed his petition for a writ of habeas corpus against J. C. Aldredge, sheriff, alleging that he was being illegally detained by the sheriff of Fulton County for the purpose of being delivered to authorities of the State of Pennsylvania, under and by virtue of an alleged violation by him of his parole in that State. He denied that he had violated any parole, or that he was legally charged with any crime in the State of Pennsylvania, and alleged that he had not had an opportunity to obtain a copy of any authority requesting his surrender to the authorities of that State; denied that he was a fugitive from justice within the meaning of the constitution and laws of the United States and of the State of Georgia; and claimed that he was thus being detained in violation of his constitutional rights.
The respondent denied the foregoing allegations of the petitioner, and submitted to the court certain documents to substantiate his position, among which were: Order for the arrest of paroled prisoner, signed by the Secretary of the Board of Pardons of the State of Pennsylvania; warrant signed by the Governor of Pennsylvania, empowering a named person to receive the prisoner from the authorities of this State and convey him to the authorities of the State of Pennsylvania; and the order of the Governor of this State honoring the requisition of the Pennsylvania Governor. At the hearing evidence was further submitted by petitioner and respondent; whereupon the court denied plaintiff's prayer for discharge, and remanded him to the custody of the respondent, to be dealt with as law directs. Petitioner excepted.