KING *v.* MOUNT, sheriff.

No. 14537.   JUNE 12, 1943.   REHEARING DENIED JULY 13, 1943.

464

*Paul Crutchfield,* for plaintiff.

*John A. Boykin,* solicitor-general, *E. A. Stephens, Quincy O. Arnold,* and *Durwood T. Pye,* for defendant.

BELL, Presiding Justice. Counsel for the plaintiff states in his brief: "The question presented is: Where a prisoner who has been sentenced in a State court and has entered upon and is serving and has served a number of years on said sentence is taken, without his consent, from the State penitentiary by order of the executive authority of said State and the warden of the penitentiary, and turned over to the United States authorities to be taken and is taken into another State to serve another sentence in the United States penitentiary in said other State, has said former State surrendered its jurisdiction of the prisoner under the extradition laws of the United States and the law of Georgia, and is said prisoner a fugitive from justice as contemplated by the constitution of the United States and the laws thereof and the laws of the State of Georgia?"

In *Brown* v. *Lowry,* 185 *Ga.* 539 (195 S. E. 759), it was held:

"Where a person is convicted of felony committed by him in one State, and he goes into another State, whether voluntarily or involuntarily, before serving the full term for which he was sentenced, he thereby becomes a fugitive from justice, within the meaning of section 2 of article 4 of the constitution of the United States, and the act of Congress February 12, 1793 (U. S. Comp. St. section 10126). Code, §§ 44-301, 44-302."

In the instant case the applicant was convicted of a felony in the State of Louisiana, and when he came into Georgia, even involuntarily, before serving the full term of his sentence, he entered as a fugitive from justice, according to the ruling in the *Brown* case. It would seem that that decision, without more, would require an affirmative answer to the question stated by counsel. But some other authorities may be noticed. "It is the duty of the Governor, under his warrant, to cause to be arrested and delivered up to the proper officers of any other State of the United States any fugitive from justice from said State, upon demand made of him by the Executive of such other State in the manner prescribed by the laws and constitution of the United States." Code, § 44-302. In *Johnson* v. *Lowry*, 183 *Ga.* 207 (188 S. E. 23), Johnson, the applicant for discharge on writ of habeas corpus, had been convicted of the offense of burglary in the State of Alabama, and before completing his term in the penitentiary he was paroled. Before the term of his parole expired he was arrested by Federal officers, and upon a plea of guilty of possessing a stolen automobile he was sentenced, and was imprisoned in the Federal penitentiary in Atlanta. On completion of such sentence, the State of Alabama requested the warden of the United States penitentiary to hold the prisoner for that State. The State of Alabama applied for his extradition, to complete the unserved portion of the sentence of two to ten years, imposed in the burglary case, in that State. The extradition was granted by the Governor of this State. Johnson applied for the writ of habeas corpus. The court after a hearing remanded him to custody, and he sued out a writ of error, insisting that the State of Alabama, in surrendering him to the Federal authorities, waived that State's claim to "jurisdiction" over him for the completion of his sentence for burglary. This court affirmed the judgment, and in the decision it was stated: "The State of Alabama had the sovereign power to waive or pardon the convict, thus legally cancelling

the unserved portion of his sentence. It could waive the immediate service and postpone such service until the convict could be tried by the United States court, and, if convicted, serve any sentence imposed by that court. The decision on that question was one to be made by the State of Alabama. The State chose the latter, that is, to waive temporarily, and not to cancel, the unserved portion of the sentence."

In the instant case the State of Louisiana "reprieved" King to the Federal authorities to serve a sentence in the United States penitentiary, the recommendation for such reprieve, as approved by the Governor, saying that, "when he is committed to the Federal penitentiary this office will file detainer against him, so he can be returned to L. S. P. upon release, if we see fit." The Governor of Louisiana issued a requisition for extradition of King on March 18, three days before he completed service of sentence in the Federal penitentiary. The warrant of the Governor of this State based on such requisition was issued on February 26, 1943. It thus seems that the authorities of Louisiana kept themselves informed as to the time when King's sentence in the Federal penitentiary would be completed; and it is inferable that the detainer referred to in the letter of the warden of the Louisiana penitentiary to the Governor of the State was filed "against him so that he can be returned to L. S. P. . . if we see fit." At any rate, no attack is made on the regularity of the requisition papers, and "When, in the trial of a habeas-corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular upon its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears." *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 484). See *Hart* v. *Mangum,* 146 *Ga.* 497 (91 S. E. 543) ; *Bartlett* v. *Lowry,* 181 *Ga.* 526 (182 S. E. 850) ; *Beavers* v. *Lowry,* 186 *Ga.* 557 (198 S. E. 692) ; *Scheinfain* v. *Aldredge,* 191 *Ga.* 479 (12 S. E. 2d, 868). Upon the hearing the applicant introduced in evidence only his petition as amended, and his testimony as quoted in the preceding statement. This evidence did not conclusively and as a matter of law rebut the prima facie case made out by the warrant and requisition papers introduced by the respondent.

Counsel for the plaintiff relies on Hess v. Grimes, 5 Kan. App. 763 (48 Pac. 596), and Ex Parte Youstler, 40 Okla. Cr. 273 (268 Pac. 323). In the Hess case it was held, in effect, that where the Governor of a State in which a person has been charged with crime honors a requisition for the prisoner by the Governor of another State and surrenders him accordingly, this will operate as a waiver of the jurisdiction of the asylum State. A statement to the same general effect was made in the Youstler case; and while the pronouncement in the latter case was clearly obiter, neither of these decisions can affect our conclusion in the present case. They would seem to be distinguishable, in that they involved the grant of an absolute extradition by the asylum State to another, while in the present case there was a mere reprieve, or stay of remainder of sentence, by the Governor of Louisiana, until the sentence of the Federal court could be served. But even if these facts do not distinguish the cases on principle, our own decisions cover the facts of the instant case, and are controlling as against those of other States. They are also in accord, as we think, with the decisions of the United States Supreme Court, as well as the weight of State authority. See generally Roberts v. Reilly, 116 U. S. 80 (6 Sup. Ct. 291, 29 L. ed. 544); Appleyard v. Massachusetts, 203 U. S. 222 (27 Sup. Ct. 122, 51 L. ed. 161, 7 Ann. Cas. 1073); Bassing v. Cady, 208 U. S. 386 (28 Sup. Ct. 392, 52 L. ed. 540, 13 Ann. Cas. 905); Ponzi v. Fessenden, 258 U. S. 254 (42 Sup. Ct. 309, 66 L. ed. 607); Grogan v. Welch, 55 S. D. 613 (227 N. W. 74, 67 A. L. R. 1474); Minnesota v. Wall, 187 Minn. 246 (244 N. W. 811, 85 A. L. R. 114); Oregon v. Swain, 147 Or. 207 (31 Pac. 2d, 745, 93 A. L. R. 921); In re Cohen, 104 N. J. Eq. 560 (146 Atl. 423); Kammons v. Ashe, 114 Pa. Super. 119 (173 Atl. 715); Ex Parte Martin, 142 Kan. 907 (52 Pac. 2d, 1196); Ex Parte Anthony, 198 Wash. 106 (87 Pac. 2d, 302); Spencer v. Hamilton, 12 Fed. 2d, 976; 22 Am. Jur. 264, §§ 24, 25; 35 C. J. S. 324-327, § 10; 22 A. L. R. 879.

The defendant argued a question of practice which we do not deem it necessary to deal with, since in any view of this question the judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*