HART *v.* MOUNT, sheriff.

No. 14551. June 12, 1943. Rehearing denied July 9, 1943.

*Wesley R. Asinof* and *D. F. Black,* for plaintiff.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. A. Stephens, Quincy O. Arnold,* and *C. E. Presley,* for defendant.

DUCKWORTH, J. It is provided in the constitution of the United States (Code, § 1-403) that "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime." Thus it is plain that

the constitution imposes a duty upon the executive authority of each State of this Union to honor the demand of another State for the extradition of a fugitive from the demanding State. It is not by virtue of mere comity that an extradition warrant is issued, but in obedience to the constitutional mandate. See *Hames* v. *Sturdivant,* 181 *Ga.* 472 (182 S. E. 601). By the statute it is expressly made the duty of the Governor of Georgia under his warrant to cause to be arrested and delivered up to the proper officers of the demanding State any fugitive from justice. Code, § 44-302. It is also the duty of the sheriffs, their deputies, coroners, and constables to execute the Governor's warrant when it is placed in their hands. § 44-305. The law presumes that a warrant which is regular on its face was issued regularly. *Blackwell* v. *Jennings,* 128 *Ga.* 264 (2) (57 S. E. 484). Such warrant is prima facie sufficient legal authority for the detention of the accused, the presumption being that the Governor has complied with the law, although the accused may, on the trial of the habeas corpus proceeding, show any valid reason why the warrant should not be executed. *Dawson* v. *Smith,* 150 *Ga.* 350 (2) (103 S. E. 846). In habeas-corpus trial the guilt or innocence of the accused is not open to inquiry by the courts of this State. It was held in *Johnston* v. *Riley,* 13 *Ga.* 97 (7) that the Governor in an extradition case has no right to make an additional record, but must be governed by the record as sent to him by the demanding State. See *Lascelles* v. *State,* 90 *Ga.* 347 (16 S. E. 945, 35 Am. St. R. 216). It thus appears that when requisition papers make a case under the constitution (Code, § 1-403), the Governor without more should honor the demand and issue his warrant for extradition.

There is one provision in the statute for a hearing by the Governor as a prerequisite to the issuance of his warrant. The Code, § 44-302, declares: "If such fugitive shall have assumed another name in this State, and the Governor shall be satisfied, by evidence under oath filed in his office, of the identity of such person with the fugitive demanded, he shall state the fact in his warrant for the arrest." This provision of the statute becomes operative only when the fugitive has assumed a different name in this State; and its purpose is to ascertain in advance of the arrest whether or not the person having such assumed name is in fact the same person described in the requisition proceeding by another name, and thus

arm the arresting officer with adequate legal authority for taking into custody a person whose assumed name is different from the name appearing in the warrant. There is no question of an assumed name in the present case. The admitted name of the petitioner is identical with the name appearing in the extradition proceeding. This identity of names is prima facie an identity of persons. *Shuler* v. *State*, 125 *Ga.* 778 (54 S. E. 689); *Williams* v. *State*, 62 *Ga. App.* 679 (3) (9 S. E. 2d, 697); *Stinson* v. *State*, 65 *Ga. App.* 592, 594 (16 S. E. 2d, 111). The petitioner offered on the trial no evidence for the purpose of rebutting the prima facie case thus made. Hence on the record the petitioner is the same person as described in the extradition proceeding. Evidence was offered to the effect that on a hearing by a secretary of the Governor the petitioner produced evidence that showed that he was not the person described in the extradition papers. This evidence had no relevancy on the trial of the habeas-corpus case, and constituted no ground for discharging the petitioner from custody. There was evidence showing an admission by him that he was the same person as described in the extradition proceeding. The court did not err in remanding him to the custody of the sheriff.

*Judgment affirmed.* · *All the Justices concur.*