ELLIS *v.* GRIMES, sheriff, *et al.*

No. 14911. JULY 10, 1944.

*Swift Tyler* and *W. E. Armistead,* for plaintiff.

*John A. Boykin, solicitor-general, C. E. Presley, Durwood T. Pye,* and *E. H. Sheats,* for defendants.

BELL, Chief Justice.   There is no insistence that the requisition and exhibits as presented to the Governor of Georgia were not in proper form or were not prima facie sufficient to authorize the Governor to issue his rendition warrant; but it is insisted that on the hearing of the application for habeas corpus, it was a judicial question as to whether the "supporting affidavits" were sufficient to make out the charge on which the requisition was based, there being no indictment; that the evidence in the habeas-corpus case not only failed to show that the female was "of previous chaste

and virtuous character," but affirmatively showed that she was not; and showed also that the applicant, as he insisted, was not in the State of Oklahoma at the time of the alleged offense.

In a supplemental brief for the plaintiff in error, his contentions were summed up as follows: "Sole questions involved are two. The first being, did the supporting evidence make out the offense charged under the law of Oklahoma? And was there sufficient proof of the presence of the alleged fugitive in the State of Oklahoma and in Bryan County at the time the alleged offense was committed?"

The United States constitution provides for extradition of a person charged with treason, felony, or other crime, who shall flee from justice, and be found in another State. Code, § 1-403. Under the Federal statute, the demanding State is required to produce as evidence of the "charge" only an authenticated copy either of an indictment found or of "an affidavit made before a magistrate," charging the person demanded with having committed the crime. U. S. Rev. Sts., § 5278, 18 U. S. C. A., § 662. The Code of Georgia provides: "It is the duty of the Governor, under his warrant, to cause to be arrested and delivered up to the proper officers of any other State of the United States any fugitive from justice from said State, upon demand made of him by the Executive of such other State in the manner prescribed by the laws and constitution of the United States." § 44-302.

Counsel for the plaintiff in error correctly assert that in cases involving extradition, it is a question of law open to judicial inquiry on habeas corpus, as to whether the person demanded was substantially charged with a crime against the laws of the demanding State. *Barranger* v. *Baum,* 103 *Ga.* 465 (5) (30 S. E. 524, 68 Am. St. R. 113); Roberts *v.* Reilly, 116 U. S. 80 (6 Sup. Ct. 291, 29 L. ed. 644); Hyatt *v.* Corkran, 188 U. S. 691 (23 Sup. Ct. 456, 47 L. ed. 657). But the rule as thus stated applies to the sufficiency of the indictment or affidavit as a pleading, and not to extraneous evidence as to actual guilt. In each of the cases cited, it was stated that such question "is always open upon the face of the papers" to judicial inquiry, on an application for the writ of habeas corpus. As stated above, counsel for the plaintiff in error concede that, as a matter of pleading, the authenticated copy of the affidavit of the prosecutor, on which the requisition was based, suffi-

ciently charged the offense; but they insist that the evidence on the trial of the habeas-corpus case was not sufficient to make out the offense charged under the law of Oklahoma. While, in passing upon the legal question as to whether a crime against the laws of the demanding State is sufficiently charged, there may be need for closer scrutiny where the requisition is based upon an affidavit instead of an indictment, yet if the charge as pleaded is in law sufficient for the purpose of extradition, the same presumptions and incidents will follow, upon grant of the extradition by the Governor, as if the demand had been based upon an indictment. The statute makes no distinction in this respect.

In Compton *v.* Alabama, 214 U. S. 1 (29 Sup. Ct. 605, 53 L. ed. 885, 16 Ann. Cas. 1098), where the demand was based upon an affidavit made before a magistrate, it was said: "When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on *habeas corpus,* and discharge the accused, upon technical grounds, unless it be clear that what was done was in plain contravention of law." In *Blackwell* v. *Jennings,* 128 *Ga.* 264 (2) (57 S. E. 484), it was ruled: "When, in the trial of a habeas-corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears."

The courts of the asylum State can not, upon a writ of habeas corpus, inquire into the guilt or innocence of the accused. *Dawson* v. *Smith,* 150 *Ga.* 352 (2) (103 S. E. 847); *Hart* v. *Mount,* 196 *Ga.* 452, 454 (26 S. E. 2d, 453). It follows that, even though the evidence upon the habeas-corpus trial may have been entirely silent as to "previous chaste and virtuous character" of the female, this fact would afford no valid reason for releasing the accused. Nor is there any merit in the contention that the informal affidavit of the female, explaining the circumstances (as quoted in the state-

ment), showed affirmatively that she was not, before the alleged rape, a female of chaste and virtuous character.

While the applicant could urge, as a ground for his release, that as a matter of fact he was not within the State of Oklahoma at the time of the commission of the alleged offense, the evidence authorized, even if it did not demand, the finding against him upon such issue. See *Dawson* v. *Smith,* 150 *Ga.* 350 (103 S. E. 846).

The court did not err in remanding the applicant to custody.

*Judgment affirmed. All the Justices concur.*