## MAYFIELD v. HORNSBY.

DUCKWORTH, Justice. 1. Under repeated rulings of this court, the guilt or innocence of one charged with a crime in the demanding State is not a matter for determination by the Governor before issuing his extradition warrant, or by the courts upon the hearing of habeas-corpus proceedings seeking release from custody of an arresting officer of one held under the Governor's extradition warrant. That warrant being regular upon its face, the law presumes that it issued regularly. The officer executing such warrant is performing his duty, and his custody thereunder is a legal detention. Hart v. Mount, 196 Ga. 452 (26 S. E. 2d, 453); King v. Mount, 196 Ga. 461 (26 S. E. 2d, 419); Broyles v. Mount, 197 Ga. 659 (30 S. E. 2d, 48).

2. It follows that the court did not err in the present habeas-corpus case in remanding the prisoner to the custody of the officer, who the record shows was holding her under a warrant of the Governor, regular upon

its face, extraditing her to the State of Ohio, whose requisition shows that she is accused of a crime in that State, an affidavit before a magistrate to this effect being in the record.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 15063. FEBRUARY 7, 1945. REHEARING DENIED MARCH 7, 1945.

*Grover C. Powell, John W. Bolton, Frank T. Grizzard, James R. Venable,* and *Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, E. E. Andrews, solicitors-general, C. E. Presley,* and *Durwood T. Pye,* contra.