McFARLIN *v.* SHIRLEY, Sheriff.

No. 18184.  Submitted April 13, 1953—Decided May 14, 1953.

*George L. Goode,* for plaintiff in error.

*Winston Owen, Ollie Mae Stowe* and *Frank C. Gross,* contra.

HEAD, Justice. The primary law governing extradition proceedings is found in the Constitution of the United States, and

the acts of Congress passed in pursuance thereof. Constitution of the State of Georgia, article 12, section 1, paragraph 1 (Code, Ann., § 2-8001); *Barranger* v. *Baum,* 103 *Ga.* 465, 472 (30 S. E. 524).

The Constitution of the United States, article 4, section 2, paragraph 2 (Code, § 1-403), provides as follows: "A person charged in any State with treason,. felony, or other crime, who shall flee from justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."

The Federal statute which implements this constitutional provision is in part as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, . ." 18 U. S. C. A., § 3182.

This statute is specific in detailing the evidence to be presented to the executive authority of the asylum State. It must be "an indictment found or an affidavit made before a magistrate. of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled." See 35 C. J. S. 332, § 14.

In Roberts *v.* Reilly, 116 U. S. 80, 95 (6 Sup. Ct. 291, 29 L. ed. 544), it was stated: "It must appear, therefore, to the governor of the State to whom such a demand is presented, before he can lawfully comply with it, first, that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the gov-

ernor of the State making the demand; and, second, that the person demanded is a fugitive from the justice of the State the executive authority of which makes the demand. The first of these prerequisites is a question of law, and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of habeas corpus." See also Hyatt *v.* People ex rel. Corkran, 188 U. S. 691, 709 (23 Sup. Ct. 456, 47 L. ed. 657).

In Compton *v.* Alabama, 214 U. S. 1, 6 (29 Sup. Ct. 605, 53 L. ed. 885), it was held: "Undoubtedly, the statute [now 18 U. S. C. A., § 3182] does not make it the duty of a Governor to issue a warrant for the arrest of an alleged fugitive from justice, unless the executive of the demanding State produces to him either a copy of an indictment against the accused in the demanding State or an affidavit before a magistrate of such State charging the fugitive with the commission of crime in the State making the demand. It is, we think, equally clear that the executive of the State in which the fugitive is at the time may decline to honor the requisition of the Governor of the demanding State if the latter fails to furnish a copy of an indictment against the accused, or of any affidavit before a magistrate. But has the executive of the State, upon whom the demand is made for the arrest and extradition of the fugitive, the power to issue his warrant of arrest for a crime committed in another State, unless he is furnished with a copy of the required indictment or affidavit? We are of opinion that he has not, so far as any authority in respect to fugitives from justice has been conferred upon him by the statute of the United States. *The statute, we think, makes it essential to the right to arrest the alleged fugitive under a warrant of the executive of the State where the alleged fugitive is found that such executive be furnished, before issuing his warrant, with a copy of an indictment or an affidavit before a magistrate in the demanding State, and charging the fugitive with crime committed by him in such State.*" (Italics ours.)

In *Deering* v. *Mount,* 194 *Ga.* 833 (22 S. E. 2d, 828), in a habeas corpus proceeding brought by a relator held under an extradition warrant, the requisition was supported by an affidavit made before a notary public of the demanding State who

was not a "magistrate." It was held in that case that the affidavit was insufficient to give the executive of this State jurisdiction to grant a warrant based on the requisition, and that the habeas corpus court erred in denying the release of the relator.

It has been held by this court many times that when, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, it is prima facie sufficient to hold the petitioner. The law presumes that the Governor in issuing his executive warrant has complied with all of the rules of law, and this presumption will continue until the contrary is made to appear. *Blackwell* v. *Jennings,* 128 *Ga.* 264 (2) (57 S. E. 484); *Dawson* v. *Smith,* 150 *Ga.* 350, 351 (2) (103 S. E. 846); *Scheinfain* v. *Aldredge,* 191 *Ga.* 479, 484 (12 S. E. 2d, 868); *Rex* v. *Aldredge,* 191 *Ga.* 638 (13 S. E. 2d, 665); *Broyles* v. *Mount,* 197 *Ga.* 659 (30 S. E. 2d, 48).

While "the evidence offered by the plaintiff in this case can not be held, as a matter of law, to be sufficient to overcome this presumption" (*Broyles* v. *Mount,* supra), the respondent having tendered in evidence, over proper objections of the petitioner, the requisition of the Governor of the State of South Carolina without "a copy of an indictment found or an affidavit made before a magistrate" (18 U. S. C. A., § 3182), the respondent in effect contradicted the prima facie showing made by the warrant alone, and thus showed that the petitioner was being illegally restrained, in that the warrant was not based on a valid requisition. The trial court, therefore, erred in remanding the petitioner to the respondent. See, in this connection, *Dawson* v. *Smith,* supra; *Deering* v. *Mount,* supra; *Ellis* v. *Grimes,* 198 *Ga.* 51 (30 S. E. 2d, 921); *Mayfield* v. *Hornsby,* 199 *Ga.* 70 (33 S. E. 2d, 312); *Denny* v. *Foster,* 204 *Ga.* 872 (52 S. E. 2d, 596).

No ruling is necessary on the evidence introduced by the petitioner, in which he attempted to show the motive of the prosecutor in procuring the extradition warrant, but see *Barranger* v. *Baum,* supra; 39 C. J. S. 560, § 39 (g).

The constitutional attack attempted to be made by the petitioner was too general and indefinite to raise any question as to the validity of the 1951 act, dealing with the extradition of fugitives. *Stegall* v. *Southwest Georgia Regional Housing Author-*

*ity,* 197 *Ga.* 571 (30 S. E. 2d, 196). Other assignments of error made by the petitioner are without merit.

*Judgment reversed. All the Justices concur, except Wyatt and Candler, JJ., who dissent, and Atkinson, P. J., not participating.*