18962. WEST *v.* GRAHAM, Sheriff.

SUBMITTED MAY 9, 1955—DECIDED JUNE 14, 1955.

*Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.

WYATT, Presiding Justice. Tit. 18 U. S. C. A. § 3182 provides as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested . . . and notify the executive authority making such demand. . ." Code (Ann. Supp.) § 44-404 provides as follows: "No demand for the extradition of a person charged with crime . . . shall be recognized by the Governor unless in writing . . . accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, . . . or by a copy of a judg-

ment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State, and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand. . ."

In the instant case there is no demand, written or otherwise, by the Governor of Virginia upon the Governor of Georgia for delivery of the petitioner as a fugitive from justice. Nor is there any copy of an indictment, information, affidavit, judgment of conviction, or sentence authenticated by the Governor of Virginia. We are aware of the rule to the effect that the warrant of the Governor of Georgia will be presumed to be legal until the contrary appears, and that once the warrant is in evidence, the burden is upon the petitioner to show that and wherein the law has not been complied with. See *Broyles* v. *Mount*, 197 *Ga.* 659 (30 S. E. 2d 48); *King* v. *Mount*, 196 *Ga.* 461 (26 S. E. 2d 419). In the instant case, after the warrant had been introduced in evidence, the respondent testified that he had in his possession certain other documents. He stated that they were a warrant sworn out by himself, a warrant sworn out in Virginia, and a document appointing an agent to receive the petitioner. He then stated: "I do not have any other documents in my possession and 'no other documents were sent from Virginia to Georgia. These are the only documents that there are concerning this case." The documents were then introduced in evidence by the petitioner. This evidence was not contradicted in any way by anyone at the hearing. Therefore there is positive evidence which is uncontradicted to the effect that there was no formal demand for delivery of the petitioner and no copy of an indictment, information, affidavit, judgment or sentence authenticated by the Governor of Virginia as required under the provisions of law above set out. It therefore appears that petitioner has carried the burden of proof which was required of him and has shown that the warrant under which he is being detained is

illegal. It follows the restraint of the petitioner is illegal and the judgment of the court below denying the relief sought and remanding the petitioner to the custody of the sheriff was error.

*Judgment reversed. All the Justices concur except Candler, J., who dissents.*