### 20112. WILLIAMS *v.* GRIMES.

DUCKWORTH, Chief Justice. Where it is shown in a habeas corpus case that the respondent holds the petitioner in custody under an executive warrant which is regular on its face, the presumption is that the Governor has complied with the Constitution and law, and the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 484); *Ellis* v. *Grimes,* 198 *Ga.* 51 (30 S. E. 2d 921); *Mayfield* v. *Hornsby,* 199 *Ga.* 70 (33 S. E. 2d 312); *Mathews* v. *Foster,* 209 *Ga.* 699 (75 S. E. 2d 427); *McFarlin* v. *Shirley,* 209 *Ga.* 794 (76 S. E. 2d 1). Since no question is raised as to the sufficiency of the warrant, but merely that the sentence is void because of a change in the indictment during the trial in the State of Virginia, the lower court did not err in remanding the petitioner to the custody of the sheriff, as the indictment shown is sufficient to raise a presumption that it conforms to the law of the demanding State charging a crime, and the prisoner should not be released. *Barranger* v. *Baum,* 103 *Ga.* 465 (30 S. E. 524, 68 Am. St. R. 113); *Mayfield* v. *Hornsby,* 199 *Ga.* 70, supra; *Mathews* v. *Foster,* 209 *Ga.* 699, supra; *McFarlin* v. *Shirley,* 209 *Ga.* 794, supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 10, 1958—DECIDED JULY 11, 1958.

*James R. Venable,* for plaintiff in error.
*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.