20155. BROWN *v.* GRIMES, Sheriff.

ARGUED JULY 16, 1958—DECIDED SEPTEMBER 5, 1958.

390

*Chester E. Wallace,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller,* contra.

HEAD, Justice. "When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the constitution and the law, and this presumption continues until the contrary appears." *Blackwell* v. *Jennings,* 128 *Ga.* 264(2) (57 S. E. 484); *Broyles* v. *Mount,* 197 *Ga.* 659, 660 (30 S. E. 2d 48). The executive warrant is only prima facie sufficient to hold the accused, and he is entitled to show, in a habeas corpus proceeding, some valid and sufficient reason why the warrant should not be executed. *Dawson* v. *Smith,* 150 *Ga.* 350 (103 S. E. 846).

The question as to whether or not the extradition warrant under which an alleged fugitive from justice is held is supported by documents from the demanding State legally sufficient to authorize his extradition is always open to judicial inquiry in a habeas corpus proceeding. *Barranger* v. *Baum,* 103 *Ga.* 465 (30 S. E. 524, 68 Am. St. R. 113); *Scheinfain* v. *Aldredge,* 191 *Ga.* 479, 484 (12 S. E. 2d 868); *Deering* v. *Mount,* 194 *Ga.* 833 (22 S. E. 2d 828); *Ellis* v. *Grimes,* 198 *Ga.* 51 (30 S. E. 2d 921).

It is urged by the petitioner in the present case that the affidavit of Robert J. Duncan, supporting the application for requisition to the Governor of Indiana, shows on its face that no crime was committed, since the affidavit asserts that the peti-

tioner was committed to the Indiana Reformatory on March 11, 1943, to serve an indeterminate sentence with a maximum of ten years, and that he escaped on January 17, 1956, more than two years after his sentence expired.

There is nothing in any of the documents supporting the extradition warrant to show any extension of the sentence for any cause. A habeas corpus court is not free to speculate on some state of facts which might have resulted in an extension of the sentence. The crime of escape could not be committed after a sentence had expired. When the affidavit supporting the request for extradition shows that no crime was committed, it is insufficient to sustain an extradition warrant. *Barranger* v. *Baum,* 103 *Ga.* 465, supra.

Since the petitioner attacked the documents under which the extradition warrant was issued as being insufficient to charge him with the commission of a crime, we call attention to another deficiency in these documents, although this deficiency is not specifically urged by the petitioner. Counsel for the respondent in argument before this court conceded that the documents introduced at the habeas corpus hearing were all of the documents supporting the executive warrant. In these documents there is no formal demand on the Governor of Georgia by the Governor of Indiana for the extradition of the alleged fugitive.

Tit. 18 U. S. C. A. 60, § 3182 implements the provisions of the United States Constitution in regard to the extradition of fugitives from justice, and requires that there be a formal demand by the executive authority of the demanding State on the executive authority of the asylum State, and that the indictment or affidavit charging such fugitive with treason, felony, or other crime be certified as authentic by the governor or chief magistrate of the demanding State. In *West* v. *Graham,* 211 *Ga.* 662 (87 S. E. 2d 849), it was held that, without such demand and authentication by the chief executive of the demanding State, the chief executive of the asylum State has no authority to issue an extradition warrant. Compare Ex Parte Anderson, 135 Texas Crim. Rep. 291.

The documents under which the extradition warrant was issued

were insufficient to support the warrant, and the trial judge erred in remanding the petitioner to the respondent.

*Judgment reversed. All the Justices concur.*