22507. BRYANT v. GRIFFIN, Sheriff.

ARGUED JUNE 8, 1964—DECIDED JULY 9, 1964.

*Joseph B. Bergen*, for plaintiff in error.

ALMAND, Justice. In his petition for the writ of habeas corpus Billy Bryant alleged that he was being wrongfully detained by Carl Griffin, Sheriff of Chatham County. The petition, with the exhibits thereto, shows that on demand of the Governor of Florida, accompanied by supporting documents, (an affidavit made by one Ira Nichols before a named person, "Eloise Walker, Notary Public, County Prosecutor or County Judge," charging that Billy Bryant "did unlawfully and knowingly take and carry away with intent to steal, a check of the value of $1500.00, same being the property of Ira U. Nichols" on or about January 15, 1964, in Highlands County, Florida, and a warrant for Bryant's arrest) the Governor of Georgia granted the requisition and Bryant was being held by the respondent under the warrant issued by the Governor of Georgia.

Petitioner asserts that he is being illegally restrained because (a) the affidavit fails to charge an offense under the laws of Florida, (b) the prosecuting witness swore out the warrant for the sole purpose of collecting a private debt contrary to the Constitution and laws of Georgia and, (c) the affidavit supporting the information was not made before a magistrate.

The record discloses that the information was based upon an affidavit of the prosecutor sworn to before a named person who was designated as "Notary Public, County Prosecutor or County Judge." This description was sufficient to show that such person was a "magistrate" within the meaning of the Uniform Criminal Extradition Act (Ga. L. 1951, p. 726; *Code Ann.* § 44-404).

The record in this case shows that the petitioner is held under the Governor's warrant, regular upon its face. The burden is upon the petitioner to show some valid and sufficient reason why the warrant should not be executed, the presumption being that the Governor has complied with the Constitution and laws of this State. *Scheinfain v. Aldredge,* 191 Ga. 479 (12 SE2d 868); *Ellis v. Grimes,* 198 Ga. 51 (30 SE2d 921).

The grounds upon which the petitioner seeks to avert the execution of the warrant of arrest are insufficient to overcome the presumption that the Governor has complied with the Constitution and laws. See *Broyles v. Mount,* 197 Ga. 659 (30 SE2d 48); *Blackwell v. Jennings,* 128 Ga. 264 (57 SE 484); *Mathews v. Foster,* 209 Ga. 699 (75 SE2d 427).

It was not error to remand the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*