24622. HILL, alias Junior Earl Hill v. GRIFFIN, Sheriff.

UNDERCOFLER, Justice. This appeal is from the dismissal of a writ of habeas corpus seeking the release of petitioner who is being detained under extradition proceedings based on felony indictments returned in Tennessee.

Petitioner enumerates as error: (1) The refusal of the trial court to grant him a sixty-day "extension" of time to investigate the selection of the Tennessee grand jury which re-

turned the indictments, and (2) That the court erred in dismissing the writ in view of the substantial evidence that the county in which the indictments were returned had been saturated with newspaper and radio reports surrounding the crime and this made it impossible to select an impartial grand jury. *Held:*

1. Counsel admits he had from January 20, 1968, to February 13, 1968, to prepare the case. The trial judge did not abuse his discretion in requiring the case to proceed to trial. See *Code* § 50-114.

2. "When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the Constitution and the law, and this presumption continues until the contrary appears." *Blackwelll v. Jennings*, 128 Ga. 264 (2) (57 SE 484); *McFarlin v. Shirley*, 209 Ga. 794 (1) (76 SE2d 1). Whether there is pervasive prejudice in a community sufficient to deny a person a fair trial is a matter which addresses itself to a change of venue in the trial court and not to the legality of an indictment in an extradition proceeding.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1968—DECIDED MAY 23, 1968—
REHEARING DENIED JUNE 20, 1968.

*James E. Yates, III,* for appellant.
*Andrew J. Ryan, Jr., Solicitor General,* for appellee.