25207. ADAMS v. GRIFFIN, Sheriff.

UNDERCOFLER, Justice. This appeal is from the dismissal of a writ of habeas corpus seeking the release of the applicant from extradition proceedings based upon a felony indictment returned in California. The applicant contends that the court erred in dismissing the writ because (1) the supporting documents fail to show that the applicant violated the California penal code and the trial court would not inquire into the sufficiency of such documents, and (2) the indictment does not show the name of the grand jurors. *Held:*

1. "When, in the trial of a habeas corpus case, it appears that

the respondent holds the petitioner in custody under an executive warrant based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the Constitution and the law, and this presumption continues until the contrary appears.' *Blackwell v. Jennings*, 128 Ga. 264 (2) (57 SE 484)." *Hill v. Griffin*, 224 Ga. 378 (2) (162 SE2d 397). The record fails to show sufficient reason why the warrant should not be executed. On the contrary, the record shows the applicant has been indicted in California for the felony of grand theft. "[T]he guilt or innocence of one charged with a crime in the demanding State is not a matter for determination by the Governor before issuing his extradition warrant, or by the courts upon the hearing of habeas corpus proceedings seeking release from custody of an arresting officer of one held under the Governor's extradition warrant." *Mayfield v. Hornsby*, 199 Ga. 70 (1) (33 SE2d 312).

2. The applicant contends that the indictment does not name the grand jurors who indicted him and is therefore a nullity. Since every State has the right to regulate the forms of pleading and process in civil and criminal cases and to determine what shall be deemed a sufficient indictment, this indictment must be tested by the laws of California. "If the indictment which forms the basis of the extradition proceedings substantially charges a crime in conformity to the laws of the demanding State, the prisoner should not be released, however defective such indictment might be either at common law, or under the well known rules of criminal procedure." *Barranger v. Baum*, 103 Ga. 465 (5) (30 SE 524, 68 ASR 113); *Scheinfain v. Aldredge*, 191 Ga. 479 (5) (12 SE2d 868); *Williams v. Grimes*, 214 Ga. 302 (104 SE2d 460). There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 11, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 24, 1969.

*James E. Yates, III*, for appellant.
*Andrew J. Ryan, Jr., District Attorney*, for appellee.