25655. PAHNO v. MATHEWS, Sheriff.

SUBMITTED FEBRUARY 9, 1970—DECIDED MARCH 5, 1970.

*Jesse G. Bowles,* for appellant.

*Joe M. Ray, District Attorney,* for appellee.

MOBLEY, Presiding Justice. This appeal is from a judgment denying the writ of habeas corpus and remanding Miller Stevens to the respondent for extradition to the State of Alabama.

Two questions are presented by this record: (1) A question of fact as to the identity of Miller Stevens as the person required by the warrant of the Governor of Alabama, commanding the arrest of "Pete Stephens a/k/a as Perrio Stephens"; and (2) Whether the requisition of the Governor of Alabama to the Governor of Georgia, in which is printed: "I *request* that you cause the said Pete Stephens aka Perrio Stephens to be apprehended and delivered . . . , [emphasis supplied]," is a demand upon the Governor of Georgia by the Governor of Alabama within the meaning of the Uniform Criminal Extradition Act (Ga. L. 1951, pp. 726-737; *Code Ann.* §§ 44-401 through 44-429).

■ Miller Stevens, or Stephens, established by birth certificate, licenses, and other documents, that his true name is Miller Stevens, and he testified that he had never gone by the name "Perrio" or "Pedro" Stevens. The wife of the victim of the alleged robbery positively identified Miller Stevens as being the same person as "Perrio Stephens," alias "Pete Stephens," and vice versa, and based upon this testimony the trial court denied the habeas corpus, and remanded Stevens to the Sheriff of Terrell County to be held for extradition to Alabama. The evidence was sufficient to support the judgment of the court.

■ The Constitution of the United States, Art. IV, Sec. II, Par. II (*Code* § 1-403), provides that: "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall on *demand* of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime." (Emphasis supplied). This provision has been implemented in Georgia by adoption of the Uniform Criminal Extradition Act, providing that it is the duty of the Governor of this State, upon *demand* of the executive authority of any other State, to have arrested and delivered up to any other State any person in this State charged with committing an offense in that State, who has fled from justice and is found in this State. *Code Ann.* § 44-403.

The requisition of the Governor of Alabama used the word "request" rather than "demand," which the appellant contends does not constitute a demand by the State of Alabama upon the State of Georgia to return the prisoner, as is required. With this contention we do not agree.

The request of the Governor of Alabama to the Governor of Georgia was a polite way of making demand upon him for extradition of the accused. "The legal signification of the word 'demand' as used in practice is: 'A requisition or request to do a particular thing specified under a claim of right on the part of the person requesting.' 1 Bouv. Law Dict., Rawles Third Revision, p. 831; see Zimmerman v. Hicks, 2 Cir., 7 F2d 443, 445. The demand 'may be couched in the customarily-used polite language of the day. All that is required is the assertion of the right under the contract and a request for compliance therewith.' National Life & Accident Insurance Co. v. Dove, 141 Tex. 464, 174 SW2d 245, 247." Gershman v. Barted Realty Corp., 198 N. Y. S. 2d 664, 665.

The actual use of the word "demand" in the requisition is not required by the Extradition Act. A formal request by the Governor of the State of Alabama upon the Governor of the sister State of Georgia is sufficient.

In *West v. Graham,* 211 Ga. 662 (87 SE2d 849); and *Brown v. Grimes,* 214 Ga. 388 (104 SE2d 907), relied upon by the

appellant, there was no formal demand or request made upon the Governor of Georgia; and the cases of *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214 (2) (132 SE2d 737); and *Guarantee Reserve Life Ins. Co. of Hammond v. Norris,* 219 Ga. 573, 574 (134 SE2d 774), holding that where a written demand is required by statute to subject a party to insurance penalties, there must be a demand, are not analogous to this situation.

The requisition made upon the Governor of Georgia containing a request for return of the fugitive found in this State, who is charged with a crime in that State, meets the requirements of the Extradition Act. *Code Ann. Ch.* 44-4.

*Judgment affirmed. All the Justices concur.*