## 32452. COTA v. BENSON.

UNDERCOFLER, Presiding Justice.

John Mitchel Cota filed a writ of habeas corpus to contest the validity of his extradition proceedings. The habeas court denied relief; Cota alleges three errors on appeal, but we affirm.

Cota escaped from a New Mexico penitentiary on September 5, 1976, and was arrested by the Cordele police on November 5, 1976. New Mexico authorities were notified of his capture and a requisition, approved by the Governor of New Mexico, was forwarded to the Governor of Georgia, who issued a governor's warrant. He was then transferred to the Crisp County Sheriff, who is the respondent in Cota's habeas corpus petition.

1. In his first enumeration of error, Cota claims the state failed to carry its burden of showing the prima facie validity of his detention.[1] Code Ann. § 44-411. It is clear from *Adams v. Griffin,* 225 Ga. 445 (169 SE2d 325) (1969),

---

[1] The documents in this case, though never formally introduced in evidence, were before the habeas court, were identified at the hearing, were considered by the court in making its ruling, and are part of the record.

however, that the state has met its burden where an executive warrant, valid on its face, is produced. *West v. Graham,* 211 Ga. 662 (87 SE2d 849) (1955), urged by Cota, does not require a contrary result because, in that case, the defendant presented evidence that the proper papers had not in fact been forwarded to the State of Georgia from the extraditing state. Therefore, the defendant had successfully rebutted the state's prima facie case. Cota has presented no evidence, and has failed to rebut the state's case. Enumeration one has no merit.

2. In enumeration of error two, Cota complains that under Code Ann. § 44-304, he could only be held for twenty days under the executive warrant. This section, however, is inapplicable since this extradition took place under the Uniform Criminal Extradition Act, Code Ann. Ch. 44-4. Furthermore, formal demand by New Mexico was completed in November, prior to the issuance of the executive warrant on December 3, 1976. See *Pahno v. Mathews,* 226 Ga. 216 (173 SE2d 704) (1970).

3. Cota's third enumeration raises the question whether he was validly arrested by the City of Cordele and brought before a magistrate within seventy-two hours as he contends is required by Code Ann. § 44-414. We decline to reach the merits of this enumeration, since it is moot. Cota is properly now being detained by the Crisp County Sheriff under a valid executive warrant.

There being no merit to Cota's enumerations of error, the judgment of the habeas court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Roberts, Roberts & Rainwater, Guy Velpoe Roberts, Jr.,* for appellant.

*D. E. Turk, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.