## 37281. WILLARD v. HUTSON.

MARSHALL, Justice.

This is Willard's appeal from an adverse order in his habeas corpus proceeding to avoid extradition to North Carolina to answer criminal charges there.

1. Willard's claim that he was absent from the demanding state at the time of the commission of the alleged crime is no longer cognizable in extradition proceedings. Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978); *Miller v. State,* 245 Ga. 137 (263 SE2d 441) (1980) and cits.

2. A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Michigan v. Doran, 439 U. S. 282, supra. Once the executive warrant has been produced for the consideration of the habeas court, and the warrant appears valid on its face, the burden falls upon the petitioner to show some good and sufficient reason why the warrant should not be executed. *Cota v. Benson,* 239 Ga. 695 (1) (238 SE2d 332) (1977).

The governor's warrant was introduced in evidence in the case sub judice, and the appellant admits that no attack was made as to the form of the document. The appellant's only contention involves the requisition from the demanding state. He cites no authority and we have found none, for the proposition that the issuance of a bench warrant by some non-judicial officer violates any right under the U. S. Constitution. Since the bench warrant was never executed, moreover, the appellant has no standing to claim any deprivation of rights. The requisition was based upon an indictment valid on its face, and not merely upon an arrest warrant. See Code Ann. § 44-404 (Ga. L. 1951, pp. 726, 727).

There being no merit to Willard's enumerations of error, the judgment of the habeas court is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Paul S. Weiner, King & King, David Garth King,* for appellant.
*Thomas J. Charron, District Attorney, Amy A. Hembree, Assistant District Attorney,* for appellee.