## 27773. NEVIL v. TYSON et al.

NICHOLS, Justice. This appeal involves the extradition of the appellees to the State of Oklahoma under the Uniform Criminal Extradition Act. Ga. L. 1951, p. 726 (Code Ann. Ch. 44-4), and the sole question presented is whether extradition papers, otherwise admittedly in order, are insufficient where accompanied by an information and an affidavit in support thereof executed in the presence of a notary public rather than an affidavit executed before a magistrate.

1. Prior to the enactment of the Uniform Criminal Extradition Act, supra, an information supported by an affidavit before a commercial notary public was insufficient to support an extradition requisition and warrant. See *Deering v. Mount,* 194 Ga. 833 (22 SE2d 828).

2. The decision in *McFarlin v. Shirley,* 209 Ga. 794 (76 SE2d 1), in which only four Justices concurred, was based upon a warrant issued by the Governor solely in accordance with the "Act of Congress, passed 12th February, 1793, respecting Fugitives from Justice" and the Uniform Criminal Extradition Act, supra, was not considered.

3. Section 3 of the Uniform Criminal Extradition Act, supra (Code Ann. § 44-404) provides: "No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 44-407, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and *accompanied by [1] a copy of an indictment found* or [2] *by information supported by affidavit in the State having jurisdiction of the crime,* or [3] *by a copy of an affidavit made before a magistrate there,*

*together with a copy of any warrant which was issued thereupon;* or [4] *by a copy of a judgment of conviction or of a sentence imposed in execution thereof,* together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis supplied.)

4. The warrant of the Governor of Georgia in the present case was issued: "In accordance with the provisions of an Act of Congress, passed 12th February 1793, respecting Fugitives from Justice, and in accordance with the provisions of the Uniform Criminal Extradition Act approved February 21, 1951 (Ga. L. 1951, p. 726)."

5. While the warrant in the present case would have been defective if issued solely under the mandate of the Act of Congress, it was not defective when issued under the provisions of the Uniform Criminal Extradition Act since it was supported by an *information supported by affidavits* as provided for under such Act.

The judgment of the trial court ordering the release of the prisoners upon their petition for writ of habeas corpus must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 12, 1973 — DECIDED APRIL 13, 1973.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys*

*General,* for appellant.
*Francis W. Allen, Charles H. Brown,* for appellees.