## 29291. WATERMAN v. DEYTON et al.

HALL, Justice.

Attempting to avoid extradition to Virginia where he is charged with crime, Waterman petitioned for habeas corpus under the Uniform Criminal Extradition Act (Ga. L. 1951, pp. 726, 737; Code Ann. § 44-401 et seq.). After a hearing, the court ruled against his contentions and ordered his extradition. He appeals.

In the affidavit supporting the Virginia warrant for obtaining money under false pretenses, Curtis Branham swore that. "Robert Charles Waterman falsely represented to Curtis Branham that he had contact with the 'Mafia' and that he would obtain the aid of the 'Mafia' in the search for Branham's missing daughter, Paula Branham for $3,500." The affidavit was signed "L C. Branham."

Waterman contends that (1) this affidavit is insufficient because it fails to show that there was probable cause to believe that a crime has been committed; (2) the affidavit shows that the person who signed it was not the affiant; (3) the affidavit lacks definiteness because, having filled in the blanks in the "personal knowledge" section of the affidavit, the affiant failed to heed the printed instruction to strike out the "reliable informer" section, but left it printed on the page with its blanks unutilized; and (4) it violates public policy for Virginia to charge Waterman with failing to give money to the Mafia, because giving money to the Mafia would probably be a crime.

Waterman's contention 1, which he offers as an unsupported conclusion, is without merit. Contentions 2 and 3, raising merely clerical or typographical matters, are similarly without merit. Waterman has the burden of overcoming the presumption that the warrant of the Governor of Georgia, based upon the Virginia proceedings, is legal (*West v. Graham,* 211 Ga. 662, 664 (87 SE2d 849)), and this burden is not carried by pointing to insubstantial formal deficiencies. Cf. *Nevil v. Tyson,* 230 Ga. 438 (197 SE2d 340). The fourth contention raises essentially a question of Waterman's guilt or innocence of crime, which is a question which may not be inquired

into at this stage of the proceedings. Code Ann. § 44-420; *Hollis v. State,* 233 Ga. 206.

The court did not err in remanding Waterman to the custody of the respondent for delivery to the designated agents of the State of Virginia.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 4, 1974 — DECIDED NOVEMBER 18, 1974.

*Paul S. Weiner,* for appellant.

*Jim Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.