## 33094. TREADAWAY v. BAKER.

HILL, Justice.

This is a habeas corpus proceeding instituted pursuant to Code Ann. § 44-411 to test the legality of petitioner's arrest upon the Governor's warrant and his extradition to Tennessee.

At the habeas hearing petitioner testified that although he had been arrested in Georgia on a fugitive warrant from Bradley County, Tennessee, he was not the person named in that warrant.

The respondent sheriff urges on appeal that the Governor's requisition warrant and accompanying extradition papers and the fugitive warrant with Tennessee capias made a prima facie case of identification of the petitioner and of the legality of his detention and extradition. See *Hart v. Mount,* 196 Ga. 452, 454 (26 SE2d

453) (1943).

However, the fugitive warrant and capias and the Governor's requisition warrant and extradition papers were not made part of either the record or transcript in this case. Hence the only evidence as to identity is the petitioner's uncontroverted denial. Thus the trial court's findings that the Governor's requisition warrant is in order and legally sufficient, and that petitioner failed to carry the necessary burden as to identification, cannot be sustained on this record.

The judgment must therefore be reversed with leave granted pursuant to Code Ann. § 50-117 to the prosecutor to remedy the defect within a reasonable time (to be determined by the trial court) by a new proceeding.

*Judgment reversed. All the Justices concur.*

SUBMITTED DECEMBER 23, 1977 — DECIDED FEBRUARY 28, 1978 — REHEARING DENIED MARCH 28, 1978.

*Duffey & Sawhill, Harl C. Duffey, Jr.,* for appellant.

*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.