## 33432. HARRIS v. MASSEY.

HILL, Justice.

This is a habeas corpus proceeding, instituted as a consequence of Code Ann. § 44-411, to test the legality of petitioner's arrest upon the governor's warrant and his extradition to Kentucky. After a hearing, the court below ruled against the petitioner.

In 1968 Kentucky sought, unsuccessfully, to extradite petitioner from Indiana. This appeal centers around the effect of the 1968 Indiana judgment which granted petitioner's writ of habeas corpus and denied the Kentucky extradition demand. Petitioner asserts that the doctrine of res judicata is applicable where extradition has once been refused and that the court below erred in failing to grant full faith and credit to the Indiana habeas corpus judgment and erred in failing to impose the bar of res judicata based on that judgment.

Petitioner was paroled by Kentucky in 1965 from a life sentence imposed for armed robbery. Following his 1968 conviction in Indiana for assault with a deadly weapon, petitioner was held by Indiana authorities pursuant to a Kentucky parole violation detainer. His petition for habeas corpus was filed in Indiana and a

hearing was held June 4, 1968. No transcript of that proceeding has been produced and no separate order was entered at that time. In November, 1977, a nunc pro tunc order merely granting habeas corpus was entered by the Indiana court to conform the record to the docket minutes. That order is silent as to the reasons for granting the habeas corpus petition but copies of the application for the writ and the extradition documents were incorporated by reference in the order. We have examined those documents and find that the question raised by the writ was the sufficiency, under Indiana law, of the Kentucky extradition papers.

Petitioner subsequently moved to this state where, he says, he has led an exemplary life. In 1977 he was arrested by the Coweta County sheriff's department for driving under the influence, carrying a concealed weapon, and possession of marijuana. Local authorities conducted a routine records check and learned of the outstanding Kentucky parole violation detainer. Kentucky authorities issued new extradition papers and this proceeding was commenced.

1. While we recognize that the grant of the writ of habeas corpus by a Georgia court having jurisdiction to do so is to be given the usual res judicata effect in subsequent habeas corpus proceedings in Georgia (*Sanders v. McHan,* 206 Ga. 155 (56 SE2d 281) (1949)), no Georgia cases have been cited by petitioner specifically dealing with the application of res judicata to a habeas corpus proceeding in extradition and our research has disclosed none.

A discharge in habeas corpus from detention for extradition can be res judicata in a subsequent habeas corpus/extradition proceeding only as to those issues of law and fact necessarily involved in the finding that the petitioner was illegally in custody at the time of the earlier habeas corpus. Collins v. Loisel, 262 U. S. 426, 430 (43 SC 618, 67 LE 1062) (1922). See also Morse v. United States, 267 U. S. 80 (45 SC 209, 69 LE 522) (1925).

In Collins, the court held that a discharge in habeas corpus based on mere irregularities in the extradition proceeding does not operate as res judicata against a new proceeding for the same offense. "The discharge here in question did not go to the right to have Collins held for

extradition." 262 U. S. at 430. Cf. *Treadaway v. Baker,* 241 Ga. 95 (243 SE2d 41) (1978); *Batton v. Griffin,* 240 Ga. 450, 451 (241 SE2d 201) (1978); *Ward v. Jarvis,* 240 Ga. 668 (242 SE2d 134) (1978). Thus the applicable decisions on this subject appear to be in harmony with Code § 110-503 which provides that a prior adjudication on purely technical grounds and not on the merits shall not bar a subsequent action brought to cure the technical defects.

We hold that where a previous writ of habeas corpus in an extradition proceeding was granted because of the insufficiency of the supporting documents or other technical defects which may be subsequently corrected, the prior judgment granting the writ of habeas corpus will not be res judicata in a subsequent extradition demand brought to avoid the technical objections fatal to the first proceeding. This holding is in harmony with the majority of decisions from other jurisdictions on this question. See 31 AmJur 2d 977, Extradition, § 70; 4 Wharton's Crim. Law and Proc. 411, Extradition, § 1677; 39A CJS 322, Habeas Corpus, § 228; 33 ALR3d 1443; 39 AmJur2d 293, Habeas Corpus, § 161.

2. Petitioner argues that the trial court erred in admitting the 1977 request for extradition made by the Governor of Kentucky because the accompanying documents were deficient as a matter of Kentucky law (KRS 440.370) in that the demand contained no certified copy of the original indictment and the affidavit on which the arrest warrant was based was executed before a notary public rather than before a judge. The excerpt from Kentucky law on which this argument is based relates to persons who are to be extradited for trial, not persons who have been convicted, sentenced and paroled. The affidavit of the chairman of the Kentucky Parole Board, made before a notary public, has not been shown to be insufficient under Kentucky law. Cf. Code Ann. § 44-404. The judgment of conviction and sentence together with the 1977 parole violation warrant were not inadmissible. *Nevil v. Tyson,* 230 Ga. 438 (197 SE2d 340) (1973).

Similarly, the trial court did not err in refusing to admit certified copies of two opinions written by an assistant attorney general of Kentucky regarding KRS

440.370 and the sufficiency of notarized affidavits supporting arrest warrants in pre-conviction extradition cases.

The admission into evidence of the unsworn 1968 Kentucky Parole Board warrant directing that petitioner be returned from Indiana was not error because it also appears as one of the documents accompanying the renewed request for extradition by the Governor of Kentucky referred to above. *Baker v. Smith,* 233 Ga. 644 (1) (212 SE2d 819) (1975).

3. Petitioner argues that the trial judge's statement that he was not going to hold the previous Indiana judgment to be res judicata so far as extradition is concerned constituted an expression of opinion in violation of Code § 81-1104. This case was tried without a jury and Code § 81-1104 is not applicable. See Code Ch. 81-11, "Charge of the Court." See also *Garrick v. Tidwell,* 151 Ga. 294 (6) (106 SE 551) (1920).

*Judgment affirmed. All the Justices concur.*

Submitted April 11, 1978 — Decided June 27, 1978 — Rehearing denied July 20, 1978.

*George C. Rosenzweig,* for appellant.
*Sanders, Mottola, Haugen, Goodson & Odom, Charles Van S. Mottola, C. Bradford Sears, Jr.,* for appellee.