### 34213, 34214. TREADAWAY v. BAKER; and vice versa.

PER CURIAM.

This is the second appearance before this court of this case in which Treadaway seeks to avoid extradition to Tennessee on a governor's warrant to answer charges of accessory before the fact of armed robbery. In the first appearance *(Treadaway v. Baker,* 241 Ga. 95 (243 SE2d 41) (1978)), this court reversed because the fugitive warrant and capias, the governor's requisition warrant and the extradition papers were not made part of either the record or the transcript. Leave was granted to the prosecutor pursuant to Code Ann. § 50-177 to remedy the defects in a new proceeding.

These defects were remedied by stipulation of counsel in a new proceeding. In the present appeal from the denial of habeas corpus, Treadaway enumerates as error the reopening of the case for the introduction of evidence, the overruling of his plea of former jeopardy or res judicata, the denial of the writ of habeas corpus, and the adoption of a finding of fact made during the previous hearing without requiring or hearing evidence thereof.

In Michigan v. Doran, — U. S. — (99 SC 530, 58 LE2d 521) (1978), the United States Supreme Court stated the requirements for extradition. See *Anderson v. State,* 243 Ga. 216 (1979); and *Horning v. Hutson,* 243 Ga. 217 (1979).

Since those requirements were met, the decision of

the trial court is affirmed.
*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED MARCH 7, 1979 —
REHEARING DENIED MARCH 28, 1979, IN CASE NO. 34213.

*Duffey & Sawhill, Harl C. Duffey, Jr.,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.