## S99A1143. McLEOD v. BARRETT.
(522 SE2d 219)

HINES, Justice.

Riley Hampton McLeod a/k/a Edward Patterson appeals the denial of his petition for habeas corpus in an extradition proceeding. He contends that Georgia is precluded from extraditing him to the State of Mississippi because of Mississippi's failure to comply with the requirements of OCGA § 17-13-23 with regard to his alleged escape, and the State's failure to properly answer the habeas corpus petition and to demonstrate that he is the person named in the request for extradition. McLeod further contends that this Court has the discretion to refuse extradition because of the 27-year delay in Mississippi's attempt to extradite him and because Mississippi has not adopted the Uniform Criminal Extradition Act (UCEA). See OCGA § 17-13-20 et seq. Finding the contentions without merit, we affirm.

On March 5, 1971, Riley Hampton McLeod pled guilty to two counts of robbery with a deadly weapon and two counts of grand larceny in Forrest County, Mississippi. McLeod was sentenced to consecutive life sentences for the robberies, and two consecutive seven-year sentences for the grand larceny charges. After being incarcerated for less than a year, McLeod escaped Parchman State Penitentiary in Mississippi.

On December 11, 1996, McLeod, using the alias Edward Patterson, was arrested for theft offenses in College Park, Fulton County, Georgia. He was incarcerated and on May 23, 1997 he was held without bond after the State of Mississippi placed Patterson on extradition hold, claiming that he was actually Riley Hampton McLeod. On June 11, 1997, the superior court issued an order to hold McLeod until a hearing was held or proper Governor's Warrant was issued. The hearing was initially scheduled for July 7, 1997, and then rescheduled for August 21, 1997 to determine the legality of McLeod's detention. McLeod filed a writ of habeas corpus on that day. A hearing was held on the habeas corpus petition on December 30, 1997, at which time the State produced a Governor's Warrant purporting to authorize extradition to Mississippi. This warrant was withdrawn because of defects, and another was submitted.

McLeod filed a new habeas corpus petition based on the second

warrant, and both habeas corpus actions were consolidated for consideration. On March 11, 1998, the habeas court denied McLeod's request for release, finding that the State of Georgia had made an irrebuttable prima facie case for the extradition of McLeod a/k/a Edward Patterson. But the court stayed McLeod's extradition pending the outcome of any appeal.

1. McLeod contends that, under OCGA § 17-13-23, the extradition documents on their face are insufficient to authorize extradition because there is no probable cause finding by Mississippi regarding escape, that is, there is the absence of an indictment charging him with escape or an affidavit before a magistrate attesting to his alleged escape. But McLeod misreads the statutory prerequisites for his extradition. There is no requirement that the fugitive be separately indicted for escape or that there be an affidavit before a magistrate attesting to the escape.

OCGA § 17-13-23 sets forth the form of the demand for the extradition of a person charged with a crime in another state. The written demand must allege, except in cases arising under OCGA § 17-13-25, that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled the state. It must be accompanied by a copy of an indictment found; or by information supported by affidavit in the state having jurisdiction of the crime; or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of the state; and the copy of the indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand. Id.

The second Governor's Warrant clearly complied with the statute. It contained an Application for Requisition, executed by the Superintendent of the Mississippi Department of Corrections, and stated that McLeod had been tried and convicted on indictments charging him with two counts of robbery with a deadly weapon and two counts of grand larceny, and that McLeod had escaped the Mississippi State Penitentiary on January 11, 1972. The Requisition also included copies of the indictments that were the bases of the original convictions as well as the sentences imposed and sworn and notarized statements from the present and past superintendents of corrections that McLeod had escaped from custody before completion of

his sentences. The application also contained certifications from the Mississippi Governor, Secretary of State, and Superintendent of the Department of Corrections.

Thus, even if the statute were read to require an affidavit regarding the escape from custody, there were such sworn and notarized statements in this case. See *Harris v. Massey*, 241 Ga. 580, 582 (2) (247 SE2d 55) (1978); *Nevil v. Tyson*, 230 Ga. 438 (197 SE2d 340) (1973). Moreover, McLeod's complaint about the lack of any judicial determination regarding his departure from Mississippi is unavailing. The habeas court is to determine the four "readily verifiable" facts discussed in *Michigan v. Doran*, 439 U. S. 282, 289 (99 SC 530, 58 LE2d 521) (1978). *St. Lawrence v. Bartley*, 269 Ga. 94, 95 (1) (495 SE2d 18) (1998). This includes the determination of whether the petitioner is a fugitive from justice. *Oliver v. Barrett*, 269 Ga. 512, 513 (1) (500 SE2d 908) (1998); *Jones v. Conway*, 269 Ga. 436 (498 SE2d 61) (1998); *Marini v. Gibson*, 267 Ga. 398, 399 (1) (478 SE2d 767) (1996). And the habeas court determined that a prima facie case had been made.

2. McLeod contends that the State has failed to respond to his habeas corpus petition within the "time period delineated" in OCGA §§ 9-14-10 through 9-14-14, and therefore, has waived the prosecution of the extradition. But even accepting that McLeod's UCEA petition under OCGA § 17-13-30 is susceptible to the provisions he cites, and that the State's response was thereby insufficient, it presents no bar to McLeod's detention and eventual extradition. For the failure of a respondent to reply to a writ requiring him to answer within a stated time may subject the respondent to punishment for contempt but it does not require that the prisoner be released. *Moye v. Hopper*, 234 Ga. 230, 232 (7) (214 SE2d 920) (1975).

3. Contrary to McLeod's contention, there was not a failure of proof that he is actually the person named in the extradition request. At the initial December 30, 1997 hearing, a Fulton County deputy sheriff assigned to the identification section testified that he fingerprinted "Mr. Patterson" and compared those prints to known fingerprints of Riley McLeod taken in Mississippi and found the prints to be a match. McLeod's complaints that the deputy lacked a "scientific basis" for his opinion because of chain of custody problems and the deputy's qualifications are unavailing. Evidence of a fingerprint card is admissible without the showing of a chain of custody inasmuch as it can be readily identified by reference to the subject's fingerprints. *White v. State*, 268 Ga. 28, 32 (5) (486 SE2d 338) (1997), quoting *Hill v. State*, 254 Ga. 213 (3) (326 SE2d 757) (1985). And at the initial hearing, the deputy testified that he had 64 hours of fingerprint identification training and had done numerous identifications in his employment with the sheriff's department, and McLeod did not

object to the deputy's testimony or to his qualifications. *Whatley v. State*, 270 Ga. 296, 299 (6) (509 SE2d 45) (1998); *Harper v. State*, 249 Ga. 519, 533 (10) (292 SE2d 389) (1982).

In addition, the habeas court was presented with photographs of McLeod taken when he was in custody in Mississippi and when he was captured in the State of New York in 1976. Thus, the habeas court was able to observe for itself whether the man before the court was, in fact, Riley Hampton McLeod.

4. Finally, McLeod asks this Court to refuse his extradition because of "Mississippi's twenty-seven year delay" in attempting to extradite him and because Mississippi has not adopted the UCEA. But the delay in extraditing McLeod is the result of his own actions and efforts to avoid legal authorities. McLeod escaped from custody in Mississippi in January 1972. After being located in New York in 1976, he again escaped until being arrested using an alias in College Park in 1996. As to McLeod's complaint about Mississippi and the UCEA, it overlooks the fact that the extradition process has its foundation in Article IV, Section 2, Clause 2 of the United States Constitution, which states: "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." See *Jenkins v. Garrison*, 265 Ga. 42, 43 (1) (453 SE2d 698) (1995).

The denial of habeas corpus relief pending extradition stands.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Sean M. Maher,* for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.