A01A0702. SMITH et al. v. GEORGIA KAOLIN COMPANY, INC. et al.
(552 SE2d 495)

BLACKBURN, Chief Judge.

In the third appellate appearance of this case involving the misappropriation of minerals and mineral rights, John W. Smith, individually and as the executor of the estate of Ruth Evelyn Smith, appeals the trial court's grant of summary judgment to Georgia Kaolin Company, Inc. and Anglo-American Clays Corporation (collectively the Kaolin Company). See *Smith v. Ga. Kaolin Co.*[1] (*Smith I*); *Smith v. Ga. Kaolin Co.*[2] (*Smith II*). Smith now contends, inter alia, that the trial court erred by finding that he was collaterally estopped from bringing his claims for trespass, conversion, and damages against the Kaolin Company. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[3]

Viewing the evidence in this light, the record shows that, beginning in 1942, Smith's mother leased certain real property to the Kaolin Company, including a rectangular plot which is at the heart of this dispute. The lease allowed the Kaolin Company to mine the land provided that, among other things, it gave Smith notice of mining activities and paid mining royalties.

In Smith's previous action, see *Smith I* and *Smith II*, he filed a petition in Wilkinson County against the Kaolin Company and others to quiet title to the same portion of land involved in the present dispute. Smith also sought damages against the Kaolin Company for trespass and conversion in the prior action, claiming that, with

---

[1] *Smith v. Ga. Kaolin Co.*, 264 Ga. 755 (449 SE2d 85) (1994).
[2] *Smith v. Ga. Kaolin Co.*, 269 Ga. 475 (498 SE2d 266) (1998).
[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

respect to the rectangular plot in dispute, the Kaolin Company tres-passed on the land, cut down trees, and mined kaolin without giving prerequisite notice. Smith further alleged that the Kaolin Company converted the kaolin and trees for its own use by not paying mining royalties.

In response to Smith's first complaint, the Kaolin Company claimed that Smith did not hold title to the disputed portion of land. The trial court dismissed Smith's quia timet action, concluding that the documents relied upon by Smith did not establish a current record title and that, at most, Smith had the possibility of an inter-est. Our Supreme Court then affirmed the dismissal and ruled that "[a]s Smith failed to prove ownership of the disputed property, issues regarding his trespass claim are moot." *Smith II*, 269 Ga. at 477 (3).

Years after initiating the original suit, Smith filed the present action claiming, once again, trespass, conversion, and breach of lease regarding the disputed rectangular plot. And Smith admits that his "trespass and conversion claims now asserted against [the Kaolin Company] are substantially identical to the prior damage claims." In response, the Kaolin Company argued that Smith did not hold title to the disputed portion of land. The Kaolin Company claimed to own the disputed portion of land through a separate chain of title.

The Kaolin Company moved for summary judgment, asserting res judicata and collateral estoppel barred all of Smith's claims, and the trial court granted the motion. Smith thereafter filed a motion for summary judgment on the conversion and trespass claims, arguing that the Kaolin Company was estopped from challenging his title to the land under landlord-tenant law. The trial court denied the motion. It is from these rulings that Smith now appeals.

1. Smith argues that the trial court erred by granting the Kaolin Company's motion for summary judgment on the trespass and con-version claims because those claims were never adjudicated on the merits in the previous lawsuit and, therefore, res judicata and collat-eral estoppel do not apply.

To support his contention, Smith points to an order of the trial court in the original case which stayed his claims for damages "until [his quiet title] action is concluded." Smith asserts that now that the quiet title action has been decided, he is entitled to a ruling on the merits of his damage claims.

> "Collateral estoppel precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies. . . . [U]nlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity

of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been rendered."

*Gen. Elec. Capital Computer Svcs. v. Gwinnett County Bd. of Tax Assessors.*[4]

It is undisputed that the prior quiet title action was fully litigated and that the parties to that action were the same as those now before us. In that prior action, Smith failed to prove that he held title to the disputed rectangular plot of land. The determination on that issue collaterally estopped any ruling on the merits of Smith's damages claims with respect to the disputed land. Smith could not, for example, have standing to claim that the Kaolin Company trespassed on the land because the land did not belong to him and he was not in possession of it. See *Whitaker Acres v. Schrenk*[5] (" ' "[t]o maintain an action for trespass . . . it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass" ' "). Indeed, in affirming the dismissal of Smith's quiet title action, our Supreme Court ruled that "[a]s Smith failed to prove ownership of the disputed property, issues regarding his trespass claim are moot." *Smith II*, 269 Ga. at 477 (3). Likewise, any claim for conversion would be moot.

2. In the alternative, Smith contends that the Kaolin Company was estopped from challenging his title to the land pursuant to OCGA § 44-7-9, which provides that a tenant:

> may not dispute his landlord's title or attorn to another claimant while he is in actual physical occupation, while he is performing any active or passive act or taking any position whereby he expressly or impliedly recognizes his landlord's title, or while he is taking any position that is inconsistent with the position that the landlord's title is defective.

Smith, however, raised this argument in the prior 1991 case. Nonetheless, the trial court ruled that he did not have record title to the property, and our Supreme Court affirmed. See *Smith II*. In doing so, the courts necessarily decided that OCGA § 44-7-9 did not

---

[4] *Gen. Elec. Capital Computer Svcs. v. Gwinnett County Bd. of Tax Assessors*, 240 Ga. App. 629, 630-631 (1) (523 SE2d 651) (1999).

[5] *Whitaker Acres v. Schrenk*, 170 Ga. App. 238, 240 (2) (316 SE2d 537) (1984).

apply. See *Harris v. Massey*[6] (res judicata applies to issues of law and fact necessarily involved in the initial ruling). Therefore, we do not revisit the issue. See generally OCGA § 9-12-40.

3. Smith does not enumerate the trial court's treatment of his breach of lease claim as an error, and, as such, he has not preserved this issue for our review. See *Bellamy v. Fed. Deposit Ins. Corp.*[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 10, 2001 —
RECONSIDERATION DENIED JULY 31, 2001 AND RECONSIDERATION
DISMISSED AUGUST 14, 2001 — 

*Franklin R. Nix*, for appellants.

*Harris & James, William C. Harris, John B. Harris III*, for appellees.

---

[6] *Harris v. Massey*, 241 Ga. 580, 581 (1) (247 SE2d 55) (1978).
[7] *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 749 (512 SE2d 671) (1999).
[1] The co-defendants' cases were severed for trial.