25550. WOLLWEBER v. MARTIN, Sheriff.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970.

*John L. Respess, Jr., James Loring,* for appellant.
*Dennis F. Jones,* for appellee.

GRICE, Justice. This appeal is from an order denying the appellant's petition for writ of habeas corpus and remanding him to the custody of the resepondent for extradition to the State of Florida.

The petition, filed by James Wollweber in the Superior Court of DeKalb County against J. Lamar Martin, sheriff of that county, alleged that the warrant issued by the Governor of Georgia, and the Florida requisition and supporting documents were void in stated particulars.

The sheriff's response denied all of the allegations except that as to the basis for petitioner's detention.

Upon a hearing the evidence consisted of the Governor's warrant and its supporting documents, and testimony of the respondent sheriff as to such basis of detention.

Thereupon, the trial court denied the writ of habeas corpus and remanded petitioner to the custody of the sheriff.

■ One of petitioner's enumerations of error charges that the Governor's warrant was void and insufficient for each of several reasons.

(a) He urges that the warrant was invalid because the extradition papers from Florida contain no official certificate from any judge or clerk of court to the effect that the affidavit of complaint upon which extradition is sought was made before a person who was a "magistrate" under Florida law; and also that the Governor's warrant and the Florida requisition fail to recite that the requisition was accompanied by an affidavit made before a "magistrate."

Among the supporting documents introduced into evidence with the Governor's warrant is an affidavit charging the appellant with taking money from certain named persons. This affidavit was made before a person identified thereon as "Justice of the Peace, Second District, Escambia County." The word "magistrate" includes, "in addition to committing magistrates, justices of the peace, police judges, or any other judicial officers having summary jurisdiction in criminal or quasi-criminal matters." 31 AmJur2d 951, Extradition, § 39. Also, see *Bryant v. Griffin,* 220 Ga. 154 (137 SE2d 640).

Where, as here, the affidavit shows that it was made before a magistrate, it is not necessary that a judge or clerk of court certify that such was the case. Furthermore, the supporting papers, including this affidavit, were authenticated by the Governor of Florida in his requisition. · Nor is it necessary that the requisition or the Governor's warrant recite that the requisition is accompanied by an affidavit made before a magistrate. The accompanying affidavit speaks for itself.

(b) Appellant contends that the affidavit fails to charge any crime in that it fails to allege that the person accused took the $1,000 in question with intent to defraud, or that he took it from the possession of any particular person.

The affidavit charges that on September 24, 1968, "James W. Wollwebber . . . did then and there unlawfully take, steal, and carry away of the property of [named persons] $1,000 cash."

Neither of the allegations contended for is necessary to charge an offense under the Florida law allegedly violated by the appellant. Section 811.021, Florida Statutes 1967, a copy of which was introduced in evidence, provides: "(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: (2) Takes from the possession of the true owner, or of any other person, or . . . ; or . . . ; or secretes, withholds, or appropriates to his own use, or that of any other person other than the true owner, any money. . ." Thus, neither an intent to defraud nor the taking from the possession of a particular person is essential. The affidavit charged an offense under the above statute.

(c) It is urged that the affidavit is insufficient under the Fourth Amendment to the United States Constitution to show probable cause for arrest in that it consists merely of the naked legal conclusion of a private citizen without stating the source of his knowledge, the manner in which the offense was committed, the name of the person from whose possession the money was taken, the underlying facts and circumstances of the alleged offense, and all the basic pertinent particulars pertaining to it.

Evidentiary facts are not necessary to be stated in the affidavit. The Uniform Criminal Extradition Act (Ga. L. 1951, pp. 726, 727; Code Ann. § 44-404) requires that "The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State. . ." The affidavit here did that, as shown in Division 1 (b), supra.

(d) Appellant asserts that the Governor's warrant is invalid because the Florida requisition contains no categorical demand for surrender of the alleged fugitive. Appellant's contention is that the language "Therefore I, . . . Governor of the State of Florida, have thought proper . . . to demand the surrender of the said . . ." is not a demand. This language is a proper demand.

(e) Finally, the appellant urges that the Governor's warrant is void because it fails to specify the date on which the alleged offense was committed in Florida, or any other basic pertinent particulars of such offense.

The requirement of the Uniform Criminal Extradition Act (Ga. L. 1951, pp. 726, 728; Code Ann. § 44-408) that "The warrant must substantially recite the facts necessary to the validity of its issuance" has reference to the facts relating to the requisition and supporting documents of the demanding State, not to the facts of the offense charged. The latter are not the concern of the asylum State except as to whether the demand is sufficient.

There is no merit in these attacks on the Governor's warrant. Applicable is the well established principle that "When, in the trial of a habeas corpus case, it appears that the respondent holds the petitioner in custody under an executive warrant

based upon an extradition proceeding, and the warrant is regular on its face, the burden is cast upon the petitioner to show some valid and sufficient reason why the warrant should not be executed. The presumption is that the Governor has complied with the Constitution and the law, and this presumption continues until the contrary appears." *Blackwell v. Jennings*, 128 Ga. 264 (2) (57 SE2d 484). Here, the warrant is regular on its face, and appellant did not overcome this presumption.

■ Another enumeration contends that the habeas corpus court erred in failing to release appellant since there was no evidence that he was the person named in the Governor's warrant. Appellant's argument on this enumeration in his brief is merely that there is "no scintilla of evidence, or even an allegation, that the appellant, James Wollweber is the same 'James W. Wollwebber' named in the Governor's warrant. Appellant is therefore entitled to discharge for failure of the respondent to allege or prove identity."

If he was not the person named in the Governor's warrant, appellant had the burden to show that he was not. See in this connection, 31 AmJur2d 974, Extradition, § 67. Here, the appellant did not deny that he was the person named in the Governor's warrant.

■ In view of the fact that the Governor's warrant is regular on its face and no valid attack has been made on it or on its supporting documents, there is no merit in the enumeration urging that the habeas corpus court erred in remanding appellant to the sheriff's custody.

*Judgment affirmed. All the Justices concur.*