## 27414. CLONTS v. STYNCHCOMBE.

UNDERCOLFER, Justice. This appeal is from an order denying the appellant's application for the writ of habeas corpus

and remanding him to the custody of the respondent for extradition to the State of North Carolina. *Held:*

1. The demand for extradition by the Governor of North Carolina on the Governor of Georgia shows: "Whereas, it appears by the annexed application for requisition and by the papers required by the statutes of the United States, all of which are hereunto annexed, as follows: Application for requisition of V. L. Bounds, Commissioner, State Department of Corrections, 831 W. Morgan St., Raleigh, N. C.; allied papers; and which I certify to be authentic and duly authenticated in accordance with the laws of this State that William Leonard Clontz stands convicted of the crime of manslaughter, 14 to 16 years which I certify to be a crime under the laws of this State, committed in the County of Cherokee in this State, where Clontz was present upon commission of said crime, and it having been represented that he has fled from the justice of this State, and may have taken refuge in the State of Georgia, custody of Sheriff Leroy Stynchcombe, Fulton County, Atlanta, Georgia . . . "

(a) The appellant contends that the term "allied papers" employed by the Governor of North Carolina in his requisition did not sufficiently identify the documents supporting the application for requisition. There is no merit in this contention. The governor's requisition specifically identifies the application for requisition by giving the name and official position of the applicant and by naming the person to whom the application relates. The application of V. L. Bounds to the Governor of North Carolina for requisition discloses the place and date of conviction, offense, sentence and case number and refers to attached certified copies of the court records. The court records contain the indictment and judgment of the Court of Appeals of North Carolina affirming the conviction. There are also attached a fingerprint record and a report of escape. The complaint for arrest, sentence, judgment, and judgment on appeal were also duly authenticated and certified by the Governor of North Carolina

as authentic and duly authenticated in accordance with the laws of that State. It is obvious from the record that these are the "allied papers" referred to in the governor's requisition. The contentions of the appellant that these documents were not duly authenticated are without merit.

(b) The requisition of the Governor of North Carolina shows that "it having been represented to me that he has fled from the justice of this State" together with the accompanying documents which show his escape from confinement are sufficient to show that the applicant for habeas corpus has "escaped from confinement" as provided for by *Code Ann.* § 44-404 (Ga. L. 1951, pp. 726, 727). There is no merit in the contention that the requisition is insufficient on this basis.

2. *Code* § 44-302 provides in part: "If such fugitive shall have assumed another name in this State, and the governor shall be satisfied, by evidence under oath filed in his office, of the identity of such person with the fugitive demanded, he shall state the fact in his warrant for arrest."

The appellant contends that the trial court erred in remanding the appellant William L. Clonts to the custody of the respondent under the Governor's warrant for William Leonard Clontz in the absence of a statement in the warrant that William L. Clonts and William Leonard Clontz is the same person as provided in the above Code section.

This Code section deals with fugitives who have assumed another name in this State. It does not deal with names which sound alike but are spelled differently, such as, Clonts and Clontz. Compare *Wollweber v. Martin,* 226 Ga. 20 (172 SE2d 605).

There is no merit in this contention.

3. The appellant contends that certain "mug shots" which show that they were taken by the "NC Dept. of Corrections, Raleigh, NC, dated 12-10-69, C-5532 459 11231 20, Age 37, Ht. 5-7, Wt. 170" were improperly admitted

in evidence since they were not exemplified when they were attached to the requisition from the Governor of North Carolina but which were exemplified before the trial of the habeas corpus petition.

Whether or not these pictures were properly admitted in evidence need not be decided by this court since there was sufficient evidence in the record to identify the appellant without the use of these pictures.

4. The trial court properly remanded the appellant to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1972—DECIDED OCTOBER 5, 1972—
REHEARING DENIED NOVEMBER 9, 1972.

*Charles R. Smith,* for appellant.

*Lewis R. Slaton, District Attorney, Ross Hawkins, Carter Goode, Joel M. Feldman,* for appellee.