## 29589. BAKER v. SMITH.

UNDERCOFLER, Presiding Justice.

Amos J. Baker was arrested as a result of a warrant issued by the Governor of Georgia under provisions of an Act of Congress passed February 12, 1973, respecting fugitives from justice and in accordance with the provisions of the Uniform Criminal Extradition Act (Ga. L. 1951, p. 726; Code Ann. § 44-401 et seq.) The requisition of the Governor of the State of Florida was based on information, an affidavit, and supporting documents. The affidavit was executed by Donald G. Nichols, State Attorney, Fourth Judicial Circuit of Florida before a notary public who affixed his notarial seal to the document. The information sets forth the date, venue, and describes and alleges the manner in which the crime of rape was committed. Attached to the information is an affidavit of Carl H. Woodle, deputy sheriff, and Arthur I. Jacobs, Assistant State Attorney who swear that they have reason to believe and do believe that the appellant committed the crime as charged in the information. This affidavit and another affidavit of Jacobs were sworn to

before a notary public but the notarial seal was not affixed to the instruments.

Baker filed a writ of habeas corpus. After a hearing the writ of habeas corpus was denied. He appeals to this court. *Held:*

1. The appellant contends that the absence of the notarial seal prevents the affidavits from being valid and therefore the information in this case was not supported by affidavit as required by Code Ann. § 44-404 (Ga. L. 1951, pp. 726, 727).

In *Wollweber v. Martin,* 226 Ga. 20, 21 (172 SE2d 605) a similar argument was made because the extradition documents did not contain an official certificate. In that case we held that the attack was without merit because "the supporting papers, including this affidavit, were authenticated by the Governor of Florida in his requisition."

There is no merit in this contention because the information was supported by affidavits which were executed in the presence of a notary public and authenticated by the Governor of Florida thereby making it sufficient to authorize the warrant of the Governor of Georgia under the Uniform Criminal Extradition Act (Code Ann. § 44-404). *Nevil v. Tyson,* 230 Ga. 438 (5) (197 SE2d 340); 31 AmJur2d 945, § 30.

2. The appellant contends that the information is fatally defective because it is based on the affidavit of Deputy Sheriff Carl H. Woodle and Assistant Attorney Arthur I. Jacobs and recites matters not known to them but based solely on information and belief.

In *Denny v. Foster,* 204 Ga. 872 (52 SE2d 596) it was held that an affidavit made and sworn to by the prosecuting attorney which asserts that he knows the contents of the information and believes them to be true is sufficient.

The record here shows that in addition to the affidavit mentioned above, Donald G. Nichols, State Attorney, swore that the facts set forth in the information were sworn to as true.

There is no merit in this contention.

3. The appellant contends that the information is fatally defective because it does not list any witnesses for

the state thereon.

"All reasonable presumptions are indulged to sustain the sufficiency of the instrument by which a crime is charged, and so long as the charge made against one whose extradition is sought legally constitutes a crime, mere defects in the indictment as an instrument of criminal proceedings will be disregarded. Thus, it is not necessary that the requisition show that the prosecutor's name has been indorsed on the back of the indictment or that the indictment has been signed by the proper prosecuting officer, although these matters may be required by the statutes of the demanding state. . ." 31 AmJur2d 948, § 35.

For these same reasons, it is not necessary that the witnesses be listed on the information. There is no merit in this contention.

4. Enumerations of error not argued in this court are deemed abandoned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED FEBRUARY 5, 1975.

*Robert W. Harrison, Jr.,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Cletus W. Bergen, II, Assistant District Attorney,* for appellee.