## 29922. SMITH v. STYNCHCOMBE.

PER CURIAM.

Roy Dean Smith, allegedly a fugitive from justice in South Carolina, was arrested in Atlanta. The Governor of Georgia issued an extradition warrant upon extradition papers issued by the Governor of South Carolina.

Smith's petition for writ of habeas corpus was denied, and this appeal followed. Appellant contends that the affidavit signed before the magistrate in South Carolina failed to show probable cause sufficient to satisfy the Fourth Amendment of the Constitution of the United States.

That affidavit avers that appellant did feloniously and unlawfully break and enter in the nighttime a named drugstore at Laurens, South Carolina, and did unlawfully steal, take and carry away goods and chattels of said drugstore company, to wit: narcotics valued at more than $1,000, and that 7 named persons are witnesses for the state. Based upon this affidavit, the appellant was charged with housebreaking and grand

larceny.

Appellant argues that the affidavit stated nothing more than conclusions, contained no showing of how the information was obtained, did not show that the affidavit was based upon personal knowledge and did not show that the affiant was a credible person.

Apparently appellant is seeking to have the probable cause requirements of an affidavit on which a search warrant is issued (see *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894)), made applicable to arrest warrants. Georgia imposes no such requirements on its arrest warrants. See Code Ann. §§ 27-103, 27-103.1. We should require no more of a South Carolina arrest warrant affidavit than we do in Georgia.

In *Wollweber v. Martin,* 226 Ga. 20 (1c) (172 SE2d 605), the court considered this issue, saying (p. 22): "It is urged that the affidavit is insufficient under the Fourth Amendment to the United States Constitution to show probable cause for arrest in that it consists merely of the naked legal conclusion of a private citizen without stating the source of his knowledge, the manner in which the offense was committed, the name of the person from whose possession the money was taken, the underlying facts and circumstances of the alleged offense, and all the basic pertinent particulars pertaining to it." There this court held: "Evidentiary facts are not necessary to be stated in the affidavit." See also *Baker v. Smith,* 233 Ga. 644 (2) (212 SE2d 819).

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who dissent.*

SUBMITTED MAY 15, 1975 — DECIDED JULY 1, 1975 — REHEARING DENIED JULY 15, 1975.

*B. L. Spruell,* for appellant.
*Arthur K. Bolton, Attorney General, Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.

HILL, Justice, dissenting.
I respectfully dissent for the reason that there are

distinct differences between a search warrant and an arrest warrant, and to me extradition is more akin to a search warrant.

The showing of probable cause by affidavit is required prior to issuance of a search warrant. See *Bell v. State,* 128 Ga. App. 426 (196 SE2d 894). Similar requirements are not made of the affidavit on which an arrest warrant is issued (Code Ann. §§ 27-102, 27-103, 27-103.1, 27-104), but the person arrested is entitled to a probable cause hearing shortly after arrest (Code Ann. §§ 27-210, 27-401).

Regarding extradition, the question presented by this appeal is whether the person arrested is entitled to a showing of probable cause by the affidavit on which the criminal warrant was issued before he can be extradited from this state.

We provide such showing of probable cause to a person arrested in Georgia who is to be tried in Georgia, Code Ann. §§ 27-210, 27-401, but deny it to a person arrested in Georgia who is to be extradited. *Wollweber v. Martin,* 226 Ga. 20 (1c) (172 SE2d 605).

I would require some showing of probable cause before extradition. An affidavit meeting search warrant affidavit requirements would suffice.