PER CURIAM.
Pursuant to Part I of the Uniform Interstate Extradition Act (Chapter 941.01— 941.42, F.S.1973) the Governor of Florida issued a rendition warrant for the arrest and extradition of appellee to the State of Ohio.
Appellee filed a petition for writ of ha-beas corpus alleging his unlawful detention because:
(1) the papers from Ohio were not properly authenticated;
(2) identity had not been established;
(3) his presence in Ohio at the time of the crime had not been established;
(4)the papers accompanying the request for extradition were insufficient to show probable cause for the issuance of an arrest warrant or to show that appellee was substantially charged with a crime in Ohio.
The trial court discharged appellee from custody for the reason that the warrant issued by the Governor of Florida was void for failure to comply with § 941.-07, F.S.1973, in that the rendition warrant was insufficient to recite the facts required by that statute, since the term “allied papers” appearing in the rendition warrant “is so vague as to fail to incorporate any document by reliable reference.”
We have examined the record in detail and find the rendition warrant and attachments issued by the Governor of Florida meet the statutory requirements. The warrant, under the hand of the Governor and Seal of the State of Florida, states that the Governor has received “a copy of Demand, Affidavit, Indictment and Allied Papers” from the Governor of Ohio charging ap-pellee with the commission of a crime in the State of Ohio.
The papers attached to appellant’s return clearly show the jurisdictional prerequisites which are the exclusive subject of inquiry in habeas corpus proceedings arising from extradition cases. State v. Cox, Fla.App.1974, 306 So.2d 156; State v. Gale, Fla.App.1975, 312 So.2d 824. Those authenticated papers show that ap-pellee was charged with the commission of a crime in the State of Ohio, was present in that state on the date in question, had been indicted for the crime, and had fled that jurisdiction. In his petition appellee does not question the validity of the papers attached to appellant’s return; he simply alleges that the Governor’s warrant and attachments are insufficient to support extradition.
We concede that the papers from the Governor of Florida could have been more adroitly prepared and identified, and we *53 would recommend a more definite detailed description of the attached papers. However, the use of the term “allied papers” has been approved in an analogous situation under the Uniform Interstate Extradition Act in Clonts v. Stynchcombe, 229 Ga. 672, 194 S.E.2d 94 (1972).
Accordingly, the judgment appealed from is reversed and the case is remanded with directions to enter an order delivering appellee to the appropriate agent for the State of Ohio.
Reversed and remanded.
CROSS, MAGER and DOWNEY, JJ., concur.