**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 12, 2014**

# In the Court of Appeals of Georgia

A13A1991. JONES v. THE STATE.

BARNES, Presiding Judge.

Following his convictions for aggravated assault, aggravated battery and possession of a firearm during the commission of a felony, Marquel C. Jones appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions. Following our review, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State,* 270 Ga. App. 522, 523 (607 SE2d 165) (2004). "We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a 'rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.' *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979)." *Falay v. State*, 320 Ga. App. 781 (740 SE2d 738) (2013).

So viewed, the evidence demonstrates that while the victim, Jones' former girlfriend, was visiting with two female cousins, the three women got into an argument about pending charges against the brother of one of the cousins. The brother had been arrested because the victim had alleged that he pulled a gun on her. The victim testified that her cousins were mad because she had the brother arrested. The discussion soon turned to rumors that Jones had dated the victim's two cousins, and the women then called him. Jones arrived at the house shortly thereafter and he and the victim went into a bedroom, where they argued and Jones accused the victim of "starting stuff" and "started shaking" her. The victim asked Jones to stop, he responded that he was not going to shoot or hit her, and when the victim pushed Jones, he pushed her back, causing the victim to fall on the bed. When Jones left the bedroom, the victim attempted to call someone to pick her up from the home. Jones returned to the room soon afterward and stood behind her holding a gun to her side. She heard a gunshot and turned to face Jones, who told her that he had been "mean[ing] to do this" and ran out of the room. The victim did not see the gun when Jones held it to her side, but saw it when she turned to face him. One of the cousins

told responding police that she saw Jones pull out a small handgun,[1] and the other cousin said she saw him leave the house after hearing the gunshot. The bullet damaged the victim's spinal cord causing permanent paralysis.

Jones testified at the trial and maintained that the shooting was accidental and had occurred when he and the victim were fighting and had "tussle[d] with the gun." He further testified that the gun was on the bed when he arrived in the room, and that he had taken it with him when he left and "threw it out." Jones testified that he did not know that the victim was shot when he left because there was no blood and that she was "still talking and standing up."

---

[1] At trial, the cousin testified that she did not see Jones with a gun and denied making the statement to police.

Jones argues that the evidence was insufficient to support the verdict.[2] Jones essentially maintains that the evidence was insufficient to support his convictions because, among other things, the victim lacked credibility. He maintains that her statement to the police was "slow to form," her testimony was inconsistent, and that she had a strong motivation to lie rather than risk incriminating herself. It is well established, however, that "[r]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." (Punctuation and footnote omitted) *Smith v. State*, 302 Ga. App. 222, 222 (1) (690 SE2d 867) (2010). See *Knight v. State*, 311 Ga. App. 367, 368 (1) (715 SE2d 771) (2011) ("[I]t is the function of the jury . . . to judge the credibility of witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. In so doing, a jury is authorized to believe or disbelieve

---

[2] "A person commits the offense of aggravated assault when he or she assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). A person commits the offense of aggravated battery "when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof."OCGA § 16-5-24 (a). OCGA § 16-11-106 (b) (1) provides that "[a]ny person who shall have on or within arm's reach of his or her person a firearm during the commission of . . . [a]ny crime against or involving the person of another . . ., and which crime is a felony, commits a felony . . . ."

4

all or any part of the testimony of witnesses.") (citations and punctuation omitted.) Moreover, the testimony of a single witness is "generally sufficient to establish a fact." Former OCGA § 24-4-8, repealed by Ga. Laws 2011, Act 52, § 2 (effective Jan. 1, 2013).[3] In this case, the evidence was sufficient for a rational trier of fact to find Jones guilty of the crimes charged beyond a reasonable doubt. See *Jackson*, 443 US at 319 (III) (B).

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

[3] OCGA § 24-14-8, which became effective January 1, 2013, contains language identical to that quoted above from former OCGA § 24-4-8, but the provisions of Georgia's new evidence code "apply to any motion made or hearing or trial commenced on or after" January 1, 2013. Ga. Laws 2011, Act. 52, § 101. Because Jones' trial occurred before this date, the prior evidence code applies in this case.