In the Supreme Court of Georgia

Decided:   February 8, 2016

S15A1857.  WILLIAMS v. THE STATE.

THOMPSON, Chief Justice.

Appellant Sentelle Williams was convicted of felony murder, aggravated

assault, and possession of a firearm during the commission of a felony, charges

arising out of a shooting that resulted in the death of Donovan Austin and

injuries to his brother, Dennis Austin.[1]  Appellant's pro se amended motion for

---

[1] The crimes occurred on March 7, 2011.  A DeKalb County grand jury indicted appellant on charges of malice murder, felony murder, four counts of aggravated assault, and four counts of possession of a firearm during the commission of a felony.  Following a jury trial on August 5-8, 2013, appellant was found guilty of all charges except the malice murder charge.  He was sentenced on August 14, 2013, to life in prison for felony murder predicated on the aggravated assault of Donovan Austin, a consecutive twenty year term of imprisonment for the aggravated assault of Dennis Austin, consecutive ten year terms of imprisonment for the aggravated assaults of Larry Gillard and Jonathon Scott, and a twenty year suspended sentence on the four charges of possession of a firearm during the commission of a felony.  The aggravated assault charge involving Donovan Austin merged into the felony murder conviction.  See Malcolm v. State, 263 Ga. 369, 371-374 (434 SE2d 479) (1993).  Appellant filed a motion for new trial on August 16, 2013, which he amended through new counsel on September 9, 2014.  He subsequently discharged appellate counsel and filed an amended motion for new trial on November 5, 2014.  His amended motion for new trial was denied by the trial court on January 20, 2015.  Appellant filed a timely notice of appeal, and the appeal was docketed in this Court, assigned to the September 2015 term, and submitted for decision on the briefs.

new trial was denied by the trial court, and he appeals, claiming trial court and prosecutorial error and ineffective assistance of counsel. For the reasons that follow, we affirm.

The evidence presented at trial established that brothers Dennis and Donovan Austin had been involved in an on-going disagreement with Marquette Mackie. Just prior to the crimes, the Austin brothers and two friends, Larry Gillard and Jonathan Scott, ran into appellant, Mackie, and Jacques Thornton at a club. Mackie and Dennis talked for a while, then the two groups engaged in a physical altercation which resulted in appellant, Mackie, and Thornton being ejected from the club. Appellant and his friends then drove to Thornton's house where they picked up Mackie's girlfriend, Destiny McDuffie. Tamika Daniels, who drove McDuffie to Thornton's residence to meet the group of men, told police that appellant, Mackie and Thornton appeared angry and had guns in their hands. The three men then drove with McDuffie to the Austin brothers' apartment complex and waited for the Austins to return. The men told McDuffie to keep her head down and not get out of the car. Approximately thirty minutes later, as the Austin brothers, Gillard, and Scott approached their apartment, appellant, Mackie, and Thornton jumped out of their vehicle and shot

2

at them. Donovan was fatally shot in the back, and Dennis was shot in the leg but he survived. Fifty-three shell casings were recovered at the scene. Appellant was interviewed by police, and after being given <u>Miranda</u> warnings and agreeing to make a statement, he admitted he was at the crime scene and that he shot at the surviving victims.

1. Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. <u>Jackson v. Virginia</u>, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Although appellant argues the evidence showed only his presence at the scene of the crimes, multiple witnesses identified appellant as one of the individuals shooting at the victims and he admitted he fired at the surviving victims. When we consider the legal sufficiency of the evidence, we leave to the jury questions regarding witness credibility. See <u>Young v. State</u>, 297 Ga. 737, 738 (1) (778 SE2d 162) (2015).

2. Appellant contends his trial counsel provided ineffective assistance on multiple grounds, none of which were asserted by him in his amended motion

3

for new trial filed after he obtained new counsel.[2] Nor were the grounds he now seeks to assert raised at the hearing on his amended motion for new trial. Accordingly, these enumerations of error have not been preserved for appeal because they were not raised at the earliest practicable moment. See <u>Jones v. State</u>, 294 Ga. 501, 503 (755 SE2d 131) (2014) (holding that defendant waived ineffective assistance claim based on trial counsel's failure to emphasize certain evidence where amended motion for new trial did not assert claim of ineffectiveness on that ground and no argument related to the asserted ground was made at the motion for new trial hearing).

3. Appellant also asserts that appellate counsel provided ineffective assistance by failing to properly prepare for the motion for new trial hearing. Contrary to appellant's assertions, however, the record clearly shows that shortly after appellate counsel was appointed, appellant made a knowing waiver of his right to counsel and elected to proceed pro se on his motion for new trial

---

[2] Appellant was represented at trial by attorney Gina Bernard. Although new counsel was appointed to represent appellant on motion for new trial, appellant quickly submitted notice of his desire to proceed pro se. After a hearing, appellate counsel was dismissed and appellant was allowed to proceed pro se. His amended motion for new trial claimed only that trial counsel was ineffective for failing to talk to Tamika Daniels to verify statements which she had made.

and on appeal. Because appellant waived his right to counsel and proceeded pro se, appellate counsel played no role in the motion for new trial proceedings or direct appeal, and appellant is not entitled to raise an ineffective assistance of appellate counsel claim. See Kegler v. State, 267 Ga. 147, 148 (2) (475 SE2d 593) (1996) (defendant who waives right to counsel and proceeds pro se cannot raise ineffective assistance of counsel claim); Mullins v. Lavoie, 249 Ga. 411, 412-413 (290 SE2d 472) (1982) ("when a criminal defendant elects to represent himself . . . he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel").

4. We find no merit in appellant's allegations that his arrest warrants were unlawful because the affidavits submitted in support of the warrants did not establish probable cause. Here, the March 21, 2011 signed affidavit supporting the arrest warrant for felony murder stated that to the best of the attesting officer's knowledge and belief, appellant committed the offense of "Murder/Felony" on March 7, 2011 at 3:45 a.m. at "6306 Turnberry Place, Lithonia, Georgia, 30058," in violation of OCGA § 16-5-1. It further provided that appellant "did with malice aforethought cause the death of DONOVAN

AUSTIN a human being, by SHOOTING HIM MULTIPLE TIMES." The March 24, 2011 signed affidavit submitted in support of appellant's arrest for aggravated assault similarly provided that to the best of that officer's knowledge and belief, appellant committed the offense of aggravated assault with a weapon on March 7, 2011 at 3:15 a.m. at "6306 Turnberry Place, Lithonia, Georgia, 30058," in violation of OCGA § 16-5-21", and that appellant did "make an assault upon the person of Dennis Austin, with an AK-47 assault rifle, a deadly weapon, by firing the weapon at the victim in an attempt to murder him." Both affidavits met the statutory requirements for affidavits made in support of an arrest warrant, and therefore, were not legally insufficient. See OCGA § 17-4-41 (a); see also Brogdon v. State, 299 Ga. App. 547, 551 (1) (b) (683 SE2d 99) (2009) ("On appeal, we give great deference to the magistrate's determination of probable cause, presume the validity of the affidavit supporting the search warrant, and resolve doubtful cases in favor of upholding the warrant.").

Contrary to appellant's assertions, there is no requirement that an affidavit in support of an arrest warrant supply the probable cause. See Smith v. Stynchcombe, 234 Ga. 780, 781 (218 SE2d 63) (1975) (rejecting defendant's effort "to have the probable cause requirements of an affidavit on which a search

6

warrant is issued [cit.], made applicable to arrest warrants" and concluding that Georgia imposes no such requirements on its arrest warrants.).  See OCGA § 17-4-40 (a) (magistrate judge may issue arrest warrant for the arrest of any offender against the penal laws based on probable cause either on the magistrate judge's own knowledge or on the information of others given to him or her under oath).  That some of the information reflected in the affidavits may have been based on hearsay statements given to officers during their investigation does not render the affidavits invalid.  See Jones v. State, 362 U.S. 257, 271 (80 SCt 725, 4 LE2d 697) (1960) (fact that affidavit submitted in support of search warrant relied on hearsay was not alone sufficient to render affidavit invalid), overruled on other grounds, United States, v. Salvucci, 448 U.S. 83 (100 SCt 2547, 65 LE2d 619) (1980); Strauss v. Stynchcombe, 224 Ga. 859, 864-865 (165 SE2d 302) (1968) (finding it well-settled that probable cause to arrest may be established by hearsay evidence); see also Jones v. State, 287 Ga. 770, 773 (7) (700 SE2d 350) (2010) (rejecting claim that arrest warrant was illegal because supporting affidavit contained inaccurate and incomplete information where evidence did "not suggest an intentional or reckless falsehood on the part of the affiant and was not necessary to a finding of probable cause.").

7

To the extent appellant argues that his arrest was unconstitutional because the March 21, 2011 arrest warrant was not supported by probable cause, the record clearly shows that the magistrate issuing this warrant was provided the officer's affidavit discussed above and was informed by the same officer that a surviving victim had identified appellant from a photographic line-up as one of the shooters. Appellant's identification and his use of a gun during the shooting were corroborated by the facts and circumstances officers had gathered from witnesses and evidence at the scene of the shooting. This evidence was sufficient to support a finding of probable cause, thus rendering appellant's arrest legal. See Illinois v. Gates, 462 U.S. 213, 238-239 (103 SCt 2317, 76 LE2d 527) (1983); Mincey v. State, 251 Ga. 255 (6) (304 SE2d 882) (1983).

5. Our holding in the above division resolves adversely to appellant his arguments regarding evidence he contends should have been suppressed because of his alleged illegal arrest and his allegation that the prosecution engaged in misconduct by proceeding to trial on an invalid arrest warrant.

6. Having reviewed the record, we reject appellant's claims that the prosecution committed errors and engaged in misconduct entitling him to a new trial. With the exception of his claim related to the State's reliance on an illegal

8

arrest warrant, which we address above, appellant did not object at trial to the prosecutor's challenged actions, and therefore, he has not preserved these issues for appeal. See Spickler v. State, 276 Ga. 164, 166-167 (575 SE2d 482) (2003). Moreover, appellant has failed to show any legal right to demand that the State test the victims' hands for gun powder residue, and contrary to his assertions, we find no evidence that the State failed to disclose evidence it was required to disclose or that it relied on knowingly false testimony at trial.

7. Appellant contends the trial court erred by denying his motion for new trial because he was not allowed to subpoena witnesses for the motion for new trial hearing, he was denied new counsel on motion for new trial and on direct appeal, and the State failed to conduct gun powder residue tests on the victim's hands. We disagree.

We find no support in the record to support appellant's assertion that the trial court refused to allow him to subpoena witnesses for the motion for new trial hearing. In fact, the record shows that appellant was given the opportunity to subpoena witnesses for that hearing but that having elected to proceed pro se, he simply failed to take the steps to ensure the presence of his witnesses. See Kegler v. State, 267 Ga. 147, 149 (4) (475 SE2d 593) (1996) ("There is no

9

constitutional requirement that the trial court "take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course. [Cit.].").  Similarly, the record does not support his claim that he was denied new counsel on motion for new trial.  As previously stated, appellant knowingly and intelligently elected to dismiss appellate counsel and chose to proceed pro se.  Appellant's final assertion, that error occurred because the State failed to test the victims' hands for gun powder residue, fails because he has not shown he had a right to require the State to conduct such testing.  Accordingly, this enumeration is without merit.

8.  We find no merit in appellant's remaining enumerations of error.  We find no record evidence indicating that appellant requested oral argument on his motion to set aside the verdict, and in any event, appellant lodged no objection when the trial court announced at the motion for new trial hearing that it would consider the motion to set aside without oral argument.  Thus, this issue has not been preserved for appeal.  See Spickler, 276 Ga. at 166-167.  Additionally, it was not error to admit the testimony of Destiny McDuffie related to her personal observations as a participant and witness to the crimes.  While McDuffie's testimony clearly was damaging to appellant's defense, it was relevant to

10

establish appellant's guilt and the circumstances surrounding the charged crimes. It, therefore, did not improperly place appellant's character in issue. See United States v. Edouard, 485 F3d 1324, 1346 (11th Cir. 2007) (testimony explaining how defendant laundered funds formed an "integral and natural part" of witness's account of the circumstances surrounding the charges for which defendant was indicted and thus, fell outside the scope of Federal Rule 404 (b)); United States v. King, 713 F2d 627, 631 (11th Cir. 1983) ("in a criminal trial relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that [Federal Rule 404] permits exclusion."). See also OCGA § 24-4-401 (defining relevant evidence). Finally, introduction by the State of guns similar to those believed to have been used in the crimes as demonstrative evidence did not improperly "amend the indictment."

Judgment affirmed. All the Justices concur.