**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 23, 2024**

# In the Court of Appeals of Georgia

A24A1142. LITTLE v. THE STATE.

LAND, Judge.

After a jury trial, David Little was convicted of one count each of aggravated battery and cruelty to children in the third degree. He appeals from the denial of his motion for new trial. Proceeding pro se on appeal, Little argues that the trial court violated his Sixth Amendment right to due process, that he received ineffective assistance of counsel, and that the trial court improperly commented on the evidence. He also challenges the sufficiency of the evidence. For the following reasons, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of

innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

As a preliminary matter, we remind Little that although he has the right to represent himself on appeal, that pro se status "does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this Court." (Punctuation and footnote omitted.) *Fortson v. Brown*, 302 Ga. App. 89, 90 (1) (690 SE2d 239) (2010). Little's appellate brief contains few citations to the appellate record and also fails to support several of his enumerations with citations to Georgia law. "It is not the function of this Court to cull the record on behalf of a party in search of instances of error. Instead, the burden is upon the party alleging error to show it affirmatively in the record." (Punctuation and footnote omitted.) *Cawthon v. State*, 350 Ga. App. 741, 743 (830 SE2d 270) (2019). Nonetheless, we have in our discretion reviewed the record, including the transcripts.

Construed in favor of the judgment, the record shows that when the victim, Kasara Brown, was 23 years old, she lived in a house with Little, their two year-old daughter, and her mother, Sharon Laster. On the morning of July 15, 2018, Laster was inside the house with the toddler when she heard a "big noise" coming from the other side of the house where Brown and Little's bedroom was located. Laster and the toddler ran to the bedroom. When Laster arrived at the bedroom, she saw Little "on top of" Brown as they lay on the floor. Laster attempted to pull Little off of Brown, and he charged at Laster. Once she was free from Little, Brown went into the kitchen and they continued to argue while Laster and the toddler watched from the other side of the room. Little then "picked [Brown] up and he slammed her on the floor." Brown went to the emergency room later that day and it was determined that the impact had broken her jaw.

Investigator Mike Taylor with the Ben Hill County Sheriff's Office responded to the hospital and observed Brown's swollen jaw and face and took photos of her injuries. The emergency room physician diagnosed her injury as a broken lower jawbone or displaced mandibular fracture which was consistent with the description of how the injury occurred.

In a pre-trial hearing regarding the admission of Brown's journal entries, Brown's sister testified that she and her aunts went to her home to clear out her belongings following Brown's death (over one year after the indicted charges). While there, Brown's sister collected journals kept by Brown during her relationship with Little. The sister identified the exhibits as Brown's journals and identified Brown's handwriting. Laster, Brown's mother, also identified the handwriting in the journals as belonging to Brown. The trial court admitted the journals under the residual exception to the hearsay rule (OCGA § 24-8-807), finding that they had circumstantial guarantees of trustworthiness.

Alexandria Byrd, Brown's co-worker and friend, testified at trial that she knew that Brown kept a journal and that the handwriting in the diary matched Brown's. Byrd read several excerpts from the journal aloud for the jury, which described Brown's desire to stay in her relationship with Little for the sake of their child despite Little's abuse. Byrd also read several journal entries to the jury that described several incidents of physical abuse that Little committed against Brown.

Little was charged with aggravated battery (OCGA § 16-5-24) and cruelty to children in the third degree (OCGA § 16-5-70 (d)). He appeals from the denial of his motion for new trial.

1. Including the testimony that Laster observed Little hit Brown and slam her to the floor and the testimony of Brown's emergency room physician that the impact broke her jaw, the evidence at trial was sufficient to sustain Little's conviction for aggravated battery. See OCGA § 16-5-24 (a) (defining aggravated battery as "maliciously caus[ing] harm to another by . . . rendering a member of his or her body useless"). Little's arguments that Laster's testimony was not credible was for the jury to resolve. See *Jones v. State*, 326 Ga. App. 151, 153 (756 SE2d 267) (2014) ("It is the function of the jury to judge the credibility of the witnesses, resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. In so doing, a jury is authorized to believe or disbelieve all or any part of the testimony of witnesses") (citation and punctuation omitted).

2. In combined enumerations of error, Little argues that the trial court erred by admitting Brown's journals into evidence. We are unpersuaded.

(a) Little argues that Brown's journals should have been excluded as inadmissible hearsay. We find no error.

The trial court admitted these journals under the residual exception to the hearsay rule (Rule 807). Rule 807 provides, in relevant part:

> A statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that: (1) The statement of law is offered as evidence of a material fact; (2) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

OCGA § 24-8-807. When "assessing whether evidence is admissible under Rule 807, a trial court should consider the totality of the circumstances" under which the statements were originally made. (Citation and punctuation omitted.) *Shellman v. State*, 318 Ga. 71, 77 (3) (b) (897 SE2d 355) (2024). See also *Smart v. State*, 299 Ga. 414, 422 (3) (788 SE2d 442) (2016).

Here, the trial court did not abuse its discretion in determining that the journal entries had sufficient guarantees of trustworthiness. Whether a "statement is

sufficiently trustworthy is determined by the circumstances under which the statements were originally made rather than the credibility of the witness reporting them in court." (Citation and punctuation omitted.) *Shellman*, 318 Ga. at 77 (3) (b). Brown's entries detailed in her "own words" her volatile relationship with Little, and there was no evidence to show that she "had a motive to fabricate her statements when she wrote them." (Citation and punctuation omitted.) Id. Further, the entries' depiction of her relationship with Little was consistent with testimony by Little's mother and friend who recounted her tumultuous relationship with Little.

The journal entries also met the requirements of Rule 807 (1) -(3). The entries were material and probative because they offered firsthand details in Brown's own words about the nature of her relationship with Little, including descriptions of his pattern of abuse and his jealousy. In other words, the entries provided "evidence of the nature of the relationship between" Brown and Little that "sheds light on his motive in committing the offenses charged." (Citation and punctuation omitted.) *Shellman*, 318 Ga. at 78 (3) (b). "Although other witnesses also testified in general terms about the nature of [Brown and Little's] relationship, it was within the trial court's discretion to conclude that [Brown's] own contemporaneous account was

7

more probative than any third party testimony." Id. at 78 (3) (b) (statement in victim's journal was properly admitted under Rule 807 when it offered firsthand details in victim's own words about her relationship with her husband in the days leading up to her murder). See also *Jones v. State*, 311 Ga. 455, 460 (2) (a) - (b) (858 SE2d 462) (2021) (trial court did not abuse its discretion by admitting evidence of murdered victim's diary entries about defendant's anger and her fear of him pursuant to residual exception to hearsay rule).

(b) Brown argues that the admission of the journals violated his Sixth Amendment right of confrontation. We are unpersuaded. A defendant's right to confront and cross-examine his accusers exists when "the admission of testimonial evidence is at issue." (Punctuation and footnote omitted.) *Freeman v. State*, 329 Ga. App. 429, 433 (2) (765 SE2d 631) (2014). However, when a statement at issue is non-testimonial in nature, "the State's normal rules regarding the admission of hearsay apply." (Punctuation and footnote omitted.) Id. at 434 (2). A statement is testimonial when its "primary purpose was to establish evidence that could be used in a future prosecution." (Citation and punctuation omitted.) *Tanner v. State*, 301 Ga. 852, 857 (2) (804 SE2d 377) (2017). Here, the circumstances of

Brown's journal entries show that they were not made in order to assist in a future prosecution. Instead, they were private journal entries that were not meant to be seen by anyone but Brown herself.

2. Little argues that his trial counsel rendered ineffective assistance on multiple grounds, none of which were asserted by him in his amended motion for new trial. Accordingly, these allegations of ineffective assistance have not been preserved for appeal because they were not raised at the earliest practicable moment. *Williams v. State*, 298 Ga. 538, 540 (2) (783 SE2d 594) (2016).

3. Little also asserts that his motion for new trial counsel provided ineffective assistance on various grounds. In view of Little's "failure to support the enumerations with citations" to the appellate record, they "are deemed abandoned." *Prescott v. State*, 357 Ga. App. 375, 385-385 (4) (850 SE2d 812) (2020). See Court of Appeals Rule 25 (d).

4. Little argues that the trial court improperly commented on the evidence when the trial court read the indictment to the jury.

OCGA § 17-8-57 (a) (1) provides that it is "error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to

9

whether a fact at issue has or has not been proved or as to the guilt of the accused." Here, the trial court simply read the indictment aloud to the jury without comment and instructed the jury that the indictment does not constitute evidence. This does not constitute error. See *Osterhout v. State*, 266 Ga. App. 319, 323 (3) (596 SE2d 766) (2004) (trial court did not improperly comment upon the evidence when, after reading the indictment aloud to the jury, commented that "this is not the longest one that I've read, but it's right up there").

*Judgment affirmed. Miller, P. J., and Markle, J., concur.*